## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM BRACE,                          :
                                        : CIVIL ACTION NO.
                 Plaintiff              :
                                        : *8:11-cv-2101*
        vs.                             :
                                        :
COUNTY OF LUZERNE,                      :
LUZERNE COUNTY EMPLOYEES'               :
RETIREMENT SYSTEM;                      :
LUZERNE COUNTY RETIREMENT               :
BOARD;                                  : **JURY TRIAL DEMANDED**
MARYANNE C. PETRILLA,                   :
CHAIRMAN/TRUSTEE,                       :
Individually and in her official capacity; :
THOMAS J. COONEY, TRUSTEE,              :
Individually and in his official capacity; :
STEPHEN A. URBAN, TRUSTEE,              :
Individually and in his official capacity; :
WALTER L. GRIFFITH, JR.,                :
TRUSTEE, Individually and in his        :
official capacity; and                  :
MICHAEL A. MORREALE,                    :
TRUSTEE, Individually and in his        :
official capacity,                      :
                 Defendants             :

**FILED**
**SCRANTON**

**NOV 0 9 2011**

Per_____
**DEPUTY CLERK**

## COMPLAINT

AND NOW comes the Plaintiff, WILLIAM BRACE, by his attorneys, Rinaldi &

Poveromo, P.C., and files this Complaint for injunctive relief, declaratory relief, writ of

mandamus, estoppel, and damages because the Defendants deprived him of his retirement

benefits; unconstitutionally impaired his contractual rights; violated his procedural and/or

substantive due process rights; denied him equal protection of the law; breached their

fiduciary duties and contractual obligations; acted in a grossly negligent manner; and

unjustly enriched the Luzerne County Employees' Retirement System, all in violation of

Federal and Pennsylvania law.

## I.    JURISDICTION

1.      This civil action arises under the Constitution of the United States, specifically the

Fifth and Fourteenth Amendments, and Article I, Section 10, clause 1.  Plaintiff's federal

claims seek declaratory and injunctive relief, as well as damages, pursuant to the

provisions of 42 U.S.C. §1983, as well as 20 U.S.C. §2201.  The jurisdiction of this Court

over these federal claims is conferred by 28 U.S.C. §§1331 and 1343.  In addition, this

Complaint includes state law causes of action for the violation of Plaintiff's rights

secured by Article I, Sections 1 and 17 of the Pennsylvania Constitution, for breach of

contract, breach of fiduciary duty, unjust enrichment, gross negligence, promissory

estoppel and mandamus.  The jurisdiction of this Court over these pendent state law

claims is conferred by 28 U.S.C. §1367.

## II.    VENUE

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) (1) & (2), because

(a) the acts and omissions of Defendants giving rise to this claim took place within this

district; (b) the Plaintiff resides in this district; (c) the County of Luzerne, the Luzerne

County Employees' Retirement System and the Luzerne County Retirement Board are

located within this district; and, (d) the individual Defendants all reside within this

district.

## III.    PARTIES

3.      Plaintiff, WILLIAM BRACE, is an adult individual who currently resides at 148

Crescent Avenue, Wilkes-Barre, Luzerne County, Pennsylvania 18702.

4.      Defendant, COUNTY OF LUZERNE, is a Pennsylvania County and body politic and as such employs various persons to fulfill and carry out its responsibilities.  Luzerne County is also a Political Subdivision of the Commonwealth of Pennsylvania within the meaning of 43 P.S. §1102.2 and is located at 200 N. River Street, Wilkes-Barre, Luzerne County, Pennsylvania 18711.

5.      Defendant, LUZERNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, is a creation of the County Pension Law, Act 96 of 1971, as amended, 16 P.S. §11651, that provides for various contributions to a pension fund, as well as various benefits that a prospective pensioner has upon retirement, and is located at 200 N. River Street, Wilkes-Barre, Luzerne County, Pennsylvania 18711.

6.      Defendant, LUZERNE COUNTY RETIREMENT BOARD (hereinafter occasionally referred to as the "Retirement Board" or "Board"), is a County board, consisting of the three Luzerne County Commissioners, the Luzerne County Controller and the Luzerne County Treasurer, and is located at 200 North River Street, Wilkes-Barre, Luzerne County, Pennsylvania.  The board members are the trustees of the Luzerne County Employees' Retirement Pension Plan.  Each member of the Board is required to administer the affairs of the Board in accordance with the provisions of the County Pension Law, Act 6 of 1971, as amended, 16 P.S. §11651, and to manage the Luzerne County Employees' Retirement Fund, including without limitation, investing the monies therein, subject to the limitations imposed by law upon fiduciaries, and distributing retirement benefits to pensioners.

7.      Defendant, MARYANNE C. PETRILLA, is a Luzerne County Commissioner and serves as the Chairman/Trustee of the Luzerne County Retirement Board, acting under the color of state law.

8.      Defendant, THOMAS J. COONEY, is a Luzerne County Commissioner and serves as a Trustee of the Luzerne County Retirement Board, acting under the color of state law.

9.      Defendant, STEPHEN A. URBAN, is a Luzerne County Commissioner and serves as a Trustee of the Luzerne County Retirement Board, acting under the color of state law.

10.      Defendant, WALTER L. GRIFFITH, JR., is the Luzerne County Controller and serves as the Secretary/Trustee of the Luzerne County Retirement Board, acting under the color of state law.

11.      Defendant, MICHAEL A. MORREALE, is the Luzerne County Treasurer and serves as a Trustee of the Luzerne County Retirement Board, acting under the color of state law.

## IV.      FACTS COMMON TO ALL COUNTS

12.      On October 3, 2001, Plaintiff, WILLIAM BRACE, was appointed to the position of Deputy Clerk of Courts with the Office of the Clerk of Courts in and for Luzerne County, Pennsylvania, where he served for more than three and a half years as an employee of the County of Luzerne. When WILLIAM BRACE became the Deputy Clerk of Courts, he was required by law to become a member of the Luzerne County

4

Employees' Retirement System and to contribute to the fund.

13.     Thereafter, in April, 2005, WILLIAM BRACE was appointed as Deputy Chief Clerk with the Board of Luzerne County Commissioners and served an additional three years and seven months as an employee of the County of Luzerne.

14.     On November 4, 2008, WILLIAM BRACE retired from office pursuant to a special early retirement provision authorized by the Luzerne County Commissioners and approved by the Luzerne County Retirement Board.  Following his retirement, WILLIAM BRACE filed an application with the Luzerne County Retirement Board for the payment of his vested retirement benefits.  Thereafter, the Luzerne County Retirement Board approved WILLIAM BRACE'S application for retirement benefits and began paying him regular retirement allowances in equal monthly installments of $740.46 per month.

15.     On November 12, 2009, WILLIAM BRACE entered into a written Plea Agreement with the United States Attorney for the Middle District of Pennsylvania, wherein he agreed to waive indictment by a federal grand jury and to plead guilty to an Information charging him with a violation of Title 18, United States Code Section 666(a)(1)(B), Corrupt Receipt of a Reward for Official Action Concerning Programs Receiving Federal Funds, for accepting a tailor-made, monogrammed suit, with an approximate value of less than $1,500.00, as a reward for supporting the efforts of a contractor who entered into a contract with Luzerne County.

16.     Even though the written Plea Agreement entered into between WILLIAM

BRACE and the United States Attorney for the Middle District of Pennsylvania on

November 12, 2009, had not been yet accepted by the United States District Court, the

Luzerne County Employees' Retirement System and/or the Luzerne County Retirement

Board, and/or their members, agents and employees, stopped or suspended payment of

WILLIAM BRACE'S retirement benefits in that he did not receive any retirement

benefits for the month of November, 2009.

17.     In November, 2009, Plaintiff, WILLIAM BRACE, discovered that his monthly

retirement benefits for November, 2009, had not been deposited directly into his bank

account.  Plaintiff contacted the Luzerne County Retirement Board and was advised that

his benefits were being withheld.  As a result, WILLIAM BRACE, through his criminal

defense counsel, Joseph M. Nocito, Esquire, notified the solicitor of the Luzerne County

Employees' Retirement System that his client's retirement benefits had been prematurely

and improperly suspended. On or about December 3, 2009, WILLIAM BRACE'S

retirement benefits were reinstated.

18.     On January 6, 2010, WILLIAM BRACE appeared before United States District

Judge James M. Munley and pled guilty to the Information charging him with Corrupt

Receipt of a Reward for Official Action Concerning Programs Receiving Federal Funds

in violation of U.S.C. §666(a)(1)(B).  The Court accepted the plea and ordered a

presentence investigation report to be completed.

19.     On April 7, 2010, WILLIAM BRACE was sentenced to imprisonment for a total term of three months, and upon release from imprisonment, to be placed on supervised release for a term of two years and to pay a fine of $10,000.00, as well as a special assessment of $100.00.

20.     On January 29, 2010, Richard R. Hummer, Pension Coordinator of the Luzerne County Retirement Board, issued a letter to WILLIAM BRACE, wherein he stated that: (a) On December 21, 2009, the Retirement Board unanimously voted to terminate his retirement benefits upon acceptance by the Court of his guilty plea on charges of Corrupt Receipt of a Reward for Official Action Concerning Programs Receiving Federal Funds, 18 U.S.C. §666(a)(1)(B), in the matter of United States of America v. William Brace; (b) The Board concluded that the specific federal crime was the same as one or more of the state crimes enumerated within the definition of "crimes relating to public office or public employment", under Section 1312 of the Pennsylvania Public Employee Pensions Forfeiture Statute, 43 P.S. §1312; and (c) His retirement benefits had been terminated effective January 6, 2010, as a result of his entry of a guilty plea to the Court.  A true and correct copy of said letter is attached hereto as Exhibit "A" and incorporated herein by reference as though the same were here set forth at length.

21.     At no time prior to December 21, 2009, when the Retirement Board unanimously voted to terminate his retirement benefits, was WILLIAM BRACE ever given a Loudermill type of hearing and/or a hearing under the Local Agency Law, affording him an opportunity for a hearing before he was deprived of his significant property interest in

7

his vested retirement benefits with the Luzerne County Employees' Retirement System, in violation of the due process clause of the United States Constitution; Article I, Section 1, of the Pennsylvania State Constitution and <u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532, 105 S. Ct. 1487, 84 L.Ed 2d 494 (1985); and, applicable law, including without limitation the Local Agency Law, 2 Pa. C.S. §§551-555.

22.     At no time prior to the termination of his vested retirement benefits was WILLIAM BRACE given the opportunity to present his side of the case, or to present any facts showing that the federal offense of Corrupt Receipt of a Reward for Official Action Concerning Programs Receiving Federal Funds, pursuant to 18 U.S.C. §666(a)(1)(B), is not substantially the same as any of the state crimes enumerated in Section 1312 of the Pennsylvania Public Employee Pension Forfeiture Statute, 43 P.S. §1312. Consequently, WILLIAM BRACE was not given any opportunity to invoke the discretion of the decision-makers before the termination of his vested retirement benefits took effect, in violation of the due process clause in the United States Constitution; Article I, Section 1, of the Pennsylvania State Constitution; and, applicable law, including without limitation the Local Agency Law, 2 Pa. C.S. §§551-555.

23.     Other than Richard R. Hummer's January 29, 2010, letter, WILLIAM BRACE was never given any notice of the reasons for the termination of his vested retirement benefits, or an opportunity to respond, or an opportunity to present any reasons why the action should not be taken prior to the termination of his vested retirement benefits, in violation of the due process clause of the United States Constitution; Article I, Section 1,

of the Pennsylvania State Constitution; and, applicable law, including without limitation the Local Agency Law, 2 Pa. C.S. §§551-555.

24.     At no time prior to the Retirement Board's action on December 21, 2009, was WILLIAM BRACE advised that the Retirement Board would be meeting to consider the termination of his vested retirement benefits, in violation of the due process clause of the United States Constitution; Article I, Section 1, of the Pennsylvania State Constitution; and, applicable law, including without limitation, the Local Agency Law, 2 Pa. C.S. §§551-555.

25.     By the conduct of the Defendants, WILLIAM BRACE was deprived of his right to be represented by counsel, his right to hear witnesses and evidence against him, his right to cross-examine said witnesses, the right to present witnesses and evidence on his own behalf and to testify on his own behalf, the right to present evidence and argument why the termination of his vested retirement benefits was inappropriate under the circumstances, and was the deprived of all of the rights guaranteed to him by the United States Constitution, the Pennsylvania State Constitution, and other applicable law, including without limitation the Local Agency Law, 2 Pa. C.S. §§551-555.

26.     By the conduct of the Defendants, WILLIAM BRACE was deprived of his right to stenographic record of any forfeiture hearing, or presentation of termination evidence, which could have been the basis for an appeal to the judicial system.  Moreover, the Defendants failed to make written findings of fact and conclusions of law in support of its decision to terminate WILLIAM BRACE'S vested retirement benefits.

27.     By the conduct of the Defendants, WILLIAM BRACE has been deprived of any

opportunity for a fair and impartial hearing before the Retirement Board of Luzerne

County, since, without any notice whatsoever, and without opportunity to be heard, the

Luzerne County Retirement Board met, heard certain arguments and voted to terminate

WILLIAM BRACE'S vested retirement benefits, without WILLIAM BRACE being

afforded an opportunity to respond, and Defendants' conduct has permanently prejudiced

the Retirement Board against WILLIAM BRACE and has made a fair and impartial

hearing before the Retirement Board totally impossible.

28.     From January, 2010, through the present, the Luzerne County Employees'

Retirement System and the Luzerne County Retirement Board have had exclusive use of

WILLIAM BRACE'S retirement benefit funds.

### COUNT I
### IMPAIRMENT OF CONTRACTUAL RIGHTS AND OBLIGATIONS

### Plaintiff v. All Defendants
### Cause of Action Based on Violations of the Pennsylvania and Federal Constitutions
### 42 U.S.C. §1983 and 28 U.S.C. §2201

29.     All of the preceding paragraphs are incorporated by reference as though the same

were here set forth at length.

30.     Article I, Section 10, Clause 1, of the United States Constitution provides that

"[n]o state shall... pass any ... Law impairing the Obligation of Contracts." U.S. Const.

Art. I, § 10, cl. 1.

31.     By applying Section 1312 of the Pennsylvania Public Employee Pension

Forfeiture Statute, 43 P.S. §1312, in the fashion alleged above, the Defendants are

violating Plaintiff's aforementioned constitutional rights and impairing his Obligations of

Contracts.

32.     42 U.S.C. §1983 provides for a private cause of action in the federal courts where

individuals, such as Plaintiff, are deprived their rights, privileges or immunities secured

by the Constitution and law by another acting under color of state law.

33.     28 U.S.C. §2201 provides the federal courts with jurisdiction to resolve actual

controversies arising within its jurisdiction and to "declare the rights and other legal

relations of any interested party seeking such declaration."

34.     Public retirement benefits constitute legal rights protected by the United States

and Pennsylvania Constitutions.  McGrath v. Rhode Island Retirement Board, 88 F.3d 12

(1st Cir. 1986); Baker v. Retirement Board of Allegheny County, 97 A.2d 231 (Pa. 1953);

Cherillo v. Retirement Board of Allegheny County, 796 A.2d 420 (Pa. Cmwlth. 2002).

35.     Consequently, the Defendants have acted under color of state law and taken

Plaintiff's vested retirement benefits from him by concluding erroneously that the federal

crime under 18 U.S.C. §666 is substantially the same as a crime enumerated in 43 P.S.

§1312, namely, the offense of bribery pursuant to 18 Pa. C.S.A. §4702.  However, in

contrast to the Retirement Board's hasty conclusion, the United States Supreme Court has

pointed out that unlawful gratuity and bribery are "*two separate crimes*" with "*two*

*different sets of elements*".  Indeed, "[*b*]*ribery requires an 'intent to influence' an official*

*act or 'to be influenced' in an official act, while illegal gratuity requires only that the*

*gratuity be given or accepted 'for or because' of an official act.*"  See United States v.

Sun-Diamond Growers of California, 526 U.S. 398, 404, 119 S. Ct. 1402, 1406 (1999).

36.     The Defendants have taken Plaintiff's vested retirement benefit rights without just

compensation and under the color of state law in violation of Plaintiff's rights secured by

the United States Constitution and laws.

37.     The failures of all Defendants in this matter are due to the unconstitutional

policies and practices that denied Plaintiff's rights to his vested retirement benefits by

deliberate and reckless indifference to the mandates of law.

38.     These Defendants failed to adequately train and supervise all other Defendants in

this matter such that Plaintiff's constitutional rights were violated as alleged herein and

Plaintiff has thereby been deprived of his vested retirement benefits.

39.     The actions of these Defendants as alleged herein, jointly and severally, are

wanton, and entitle the Plaintiff to an award of exemplary and punitive damages.

40.     Plaintiff is therefore entitled to a remedy for the violation of his rights as alleged.

**COUNT II**
**DENIAL OF SUBSTANTIVE AND/OR PROCEDURAL DUE PROCESS**
**Plaintiff v. All Defendants**
**Cause of Action Based on the Violation of the Pennsylvania and Federal**
**Constitutions and/or 42 U.S.C. § 1983 and 28 U.S.C. §2201**

41.     All of the preceding paragraphs are incorporated herein by reference as though the

same were here set forth at length.

42.     The Fourteenth Amendment to the United States Constitution prohibits any State

from depriving any person of life, liberty or property without due process of law.  Due

process requires that a State or local agency provide notice of any intent to adversely

affect a person's property interests and a full hearing to challenge the proposed action prior to any deprivation.

43.    The Defendants have denied Plaintiff's lawful retirement benefit rights by terminating his pension without any notice, whatsoever, and without any opportunity to be heard.

44.    The Defendants have taken Plaintiff's vested retirement benefits from him by concluding erroneously that the federal crime under 18 U.S.C. §666 is substantially the same as a state crime listed in §1312 of the Pennsylvania Public Employee Pension Forfeiture Statute, 43 P.S. §1312.

45.    The failures of all Defendants in this matter is due to their constitutional policies and practices that have denied Plaintiff's right to his vested retirement benefits by deliberate and reckless indifference to the mandates of law.

46.    These Defendants failed to adequately train and supervise all other Defendants in this matter such that Plaintiff's constitutional rights were violated as alleged herein. The Plaintiff has been thereby deprived of his vested retirement benefits.

47.    By so acting, the Defendants have violated Plaintiff's procedural and/or substantive due process rights secured by the United States Constitution.

48.    The actions of these Defendants, as alleged herein, jointly and severally, are wanton, and entitle the Plaintiff to an award of exemplary and punitive damages.

49.    Plaintiff therefore is entitled to remedy for the violation of his rights as alleged.

## COUNT III
## DENIAL OF EQUAL PROTECTION OF LAW
### Plaintiff v. All Defendants
### Cause of Action Based on the Violation of the Pennsylvania and Federal
### Constitutions and/or 42 U.S.C. § 1983 and U.S.C. §2201

50.     All of the preceding paragraphs are incorporated herein by reference as though the

same were here set forth at length.

51.     The Defendants have denied Plaintiff equal protection of the law by terminating

his vested retirement benefits without first bringing action for a declaratory judgment,

seeking a judicial determination whether the Public Employee Pension Forfeiture Act, 43

P.S. §1311, prohibits WILLIAM BRACE from receiving retirement benefits based on his

January 6, 2010, guilty plea to violation of Title 18, United States Code, Section

666(a)(1)(B), Corrupt Receipt of a Reward for Official Action Concerning Programs

Receiving Federal Funds.

52.     Any time any other County employee has been convicted of a crime not

specifically included in the Public Employee Forfeiture Act, 43 P.S. §1312, the

Defendants have requested a declaratory judgment from a court of competent jurisdiction

that the employee was disqualified from receiving retirement benefits.  See, e.g. Luzerne

County Retirement Board v. Seacrist, 988 A.2d 785 (Pa. Cmwlth. 2010).  Thus, the

Defendants have intentionally treated him differently from other similarly situated

individuals.

53.     Defendants had no rational basis for terminating WILLIAM BRACE'S retirement

benefits without first obtaining a judicial determination whether the federal crime of

Corrupt Receipt of a Reward for Official Action, pursuant to 18 U.S.C. §666(a)(1)(B), is substantially the same as any crime enumerated in Section 1312 of the Pennsylvania Public Employee Forfeiture Act, 43 P.S. §1312.  Had the Defendants sought a declaratory judgment, the outcome of this matter would have been different because the federal offense of Corrupt Receipt of a Reward for Official Action, pursuant to 18 U.S.C. §666(a)(1)(B), is not substantially the same as any offense enumerated in Section 1312 of the Pennsylvania Employee Pension Forfeiture Statute, 43 P.S. §1312.

54.     The failures of all Defendants in this matter are due to an unconstitutional policy and an irrational practice that has denied Plaintiff's right to his vested retirement benefits by deliberate and reckless indifference to the mandates of law.

55.     These Defendants failed to adequately train and supervise all other Defendants in this matter such that Plaintiff's constitutional rights were violated as alleged herein and Plaintiff has been thereby deprived of his vested retirement benefits.

56.     By so acting, the Defendants have violated Plaintiff's equal protection rights secured under the United States Constitution.

57.     The actions of Defendants, as alleged herein, jointly and severally, are wanton and entitle the Plaintiff to an award of exemplary and punitive damages.

58.     Plaintiff therefore is entitled to a remedy for the violation of his rights as alleged.

**COUNT IV**
**BREACH OF FIDUCIARY DUTY**
**Plaintiff v. The Trustees of the Luzerne County Retirement Board**

59.     All of the preceding paragraphs are incorporated herein by reference as though the same were here set forth at length.

60.     The Defendants, Maryanne C. Petrilla, Thomas J. Cooney, Stephen A. Urban, Walter L. Griffith, Jr., and Michael A. Morreale, serve as Trustees of the Luzerne County Retirement Board and act as fiduciaries for the Luzerne County Employees' Retirement System fund and to its members, including Plaintiff, WILLIAM BRACE.

61.     Each of the Defendants named herein has breached his/her fiduciary duties to WILLIAM BRACE by unlawfully depriving him of his vested retirement benefits without due process of law.

62.     Each of the Defendants named herein has thereby caused financial harm to Plaintiff, WILLIAM BRACE.

63.     Plaintiff, WILLIAM BRACE, is thereby entitled to his damages resulting from Defendants' breach of fiduciary duty.

**COUNT V**
**UNJUST ENRICHMENT**
**Plaintiff v. Luzerne County Employees' Retirement System**

64.     All of the preceding paragraphs are incorporated herein by reference as though the same were here set forth at length.

65.     The Luzerne County Employees' Retirement System has been unjustly enriched by Defendants' unlawful termination/deprivation of benefits to Plaintiff, WILLIAM

BRACE.

66.    The Plaintiff, WILLIAM BRACE, is entitled to have all of his lawful retirement benefits restored and provided to him.

**COUNT VI**
**BREACH OF CONTRACT AND PROMISSORY ESTOPPEL**
**Plaintiff v. All Defendants**

67.    All of the preceding paragraphs are included herein by reference as though the same were here set forth at length.

68.    Given the Plaintiff's vested retirement benefits, the Defendants had a statutory and contractual obligation to Plaintiff, WILLIAM BRACE, pursuant to the County Pension Law, Act 6 of 1971, as amended, 16 P.S. §11651.

69.    By accepting Plaintiff's contributions to this retirement plan, the Defendants established a contractual obligation to provide Plaintiff with his full retirement benefits, and to provide Plaintiff with all notifications regarding these benefits in accordance with the law, from the date he became eligible for those benefits.

70.    Plaintiff, as part of his employment with the County of Luzerne, justifiably relied on the promise by these Defendants to pay him all the retirement benefits to which he is lawfully entitled.

71.    Plaintiff relied to his substantial detriment on the promise by the Defendants to provide him with his full benefits, and to provide him with all notifications regarding these benefits, including without limitation the termination or discontinuance of such benefits, in accordance with the law.

72.     The Defendants willfully failed to provide Plaintiff with adequate notice and adequate procedural safeguards that would have allowed him to successfully oppose the termination and forfeiture of his vested retirement benefits, such that they are estopped from refusing to comply with their promise to provide Plaintiff with his full retirement benefits from January, 2010, onward.

73.     The Plaintiff therefore is entitled to damages for the impairment of his contractual rights and the denial of his full pension benefits.

### COUNT VII
### LATA CULPA
### Plaintiff v. All Defendants

74.     All of the preceding paragraphs are incorporated herein by reference as though the same were here set forth at length.

75.     These Defendants had a statutory duty to provide Plaintiff with information, including notice and an opportunity to be heard, regarding the termination of his vested retirement benefits, and benefits in general, which they breached by negligently, and/or knowingly, and/or willfully, and/or wantonly, and/or recklessly, and/or grossly negligently terminating his retirement benefits without a hearing that comports with due process and the Local Agency Law, including the right to notice, the right to present and cross-examine witnesses, the right to a full stenographic hearing and the right to an adjudication containing findings of fact, and which breach proximately caused damages to Plaintiff in the loss of benefits as alleged herein.

76.     Defendants, through omission and/or commission, provided negligent and/or

18

grossly negligent and/or ineffective and/or unlawful and/or damaging and/or improper and/or inadequate notice and/or process and/or proceedings and/or safeguards.

77.    Therefore, Plaintiff is entitled to compensation for any lost or forfeited retirement benefits he suffered as a result of the gross negligence alleged herein.

### COUNT VII
### MANDAMUS
### Plaintiff v. All Defendants

78.    All of the preceding paragraphs are included herein by reference as though the same were here set forth at length.

79.    Article I, Section 10, of the United States Constitution expressly prohibits a governmental agency, such as the Luzerne County Employees' Retirement System and the Luzerne County Retirement Board, or its members, agents and employees, from taking any action to impair the obligation of contracts.

80.    Article I, Section 17 of the Pennsylvania Constitution expressly prohibits a governmental agency, such as the Luzerne County Employees' Retirement System and/or the Luzerne County Retirement Board, or its agents and employees, from taking any action to impair the obligations of contracts.

81.    The aforementioned constitutional provisions require the Luzerne County Employees' Retirement System and the individually named Defendants, who are members of the Luzerne County Retirement Board, to enact a Resolution or otherwise insure a method for the restoration and distribution of Plaintiff's full retirement benefits as alleged above.

19

82.     Therefore, Plaintiff is entitled to an order in Mandamus directing the Defendants to restore his rights and provide him with all of his retirement benefits as alleged above.

## V.     DAMAGES AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff, WILLIAM BRACE, respectfully requests this Honorable Court to grant him judgment in this matter, and enter an Order on each and every count of this Complaint, as follows:

(a)     issuing a declaration that the federal offense of Corrupt Receipt of a Reward for Official Action, pursuant to 18 U.S.C. §666(a) (1) (B), is not substantially the same as any of the state crimes enumerated in Section 1312, of the Pennsylvania Public Employee Forfeiture Statute, 43 P.S. §1312, and therefore, Plaintiff, WILLIAM BRACE, is not disqualified from receiving his vested retirement benefits;

(b)     issuing a mandatory declaratory judgment, as well as an injunction and a writ of Mandamus directing all Defendants to compute and calculate WILLIAM BRACE'S retirement benefits from January 2010 – said retirement benefits to include all cost of living adjustments and statutory interest and all past due monies, and to award WILLIAM BRACE this amount immediately and for all future retirement payments;

(c)     holding that the Defendants are estopped from terminating or causing the forfeiture of Plaintiff's retirement benefits;

(d)     granting general and special damages, according to proof, against all Defendants;

(e)     granting punitive damages against all Defendants;

(f)  .   awarding the costs of this lawsuits, including reasonable attorneys fees; and,

(g)     issuing all other necessary equitable or legal relief that this Court considers just

and proper.

Respectfully Submitted,

RINALDI & POVEROMO, P.C.

BY:

Carl J. Poveromo, Esquire
Attorney I.D. No.: 44713
Attorneys for Plaintiff,
WILLIAM BRACE

P.O. Box 826
520 Spruce Street
Scranton, PA 18501
(570)346-7441

COMMONWEALTH OF PENNSYLVANIA    :
                                    :    §§

COUNTY OF LACKAWANNA             :

## **VERIFICATION**

William Brace verifies that he is the named Plaintiff in the foregoing action, that the facts set forth in the Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief, and further states that false statements herein made are subject to the penalties of 18 Pa. C.S.A §4904, relating to unsworn falsification to authorities.

_William Brace_
William Brace

MARYANNE C. PETRILLA, Chairman/Trustee
THOMAS J. COONEY, Trustee
STEPEHEN A. URBAN, Trustee
WALTER L. GRIFFITH, JR., Trustee
MICHAEL MORREALE, Trustee



# COUNTY *of* LUZERNE

### PENNSYLVANIA
### ESTABLISHED 1786

# RETIREMENT BOARD

January 29, 2010

William Brace
148 Crescent Ave.
Wilkes Barre, PA  18702

Dear Mr. Brace:

    As you know, on December 21, 2009 the Retirement Board unanimously voted to terminate your retirement benefits upon the acceptance by the Court to your guilty plea on charges of Corrupt Receipt of Reward for Official Action Concerning Programs Receiving Federal Funds, 18 U.S.C. §666(a)(1)(B) in the matter of <u>Unites States of America v. William Brace</u>. The Board concluded that the specific federal crime is the same as one or more of the state crimes enumerated within the definition of "Crimes Related to Public Office or Public Employment" under §1312 of the Pennsylvania Public Employee Pensions Forfeitures Statute, 43 P.S. §1312.

    Furthermore, Section 1313(a) and (b) of the Forfeiture Act provides that any public employee who pleads guilty to a crime related to public office or employment forfeits his retirement. As such, this letter is being written to inform you that your retirement benefits have been terminated effective January 6, 2010, as a result of your entering a guilty plea with the Court.

    Should you have any further questions, please feel free to contact me.

Sincerely,

Richard R. Hummer
Pension Coordinator
Luzerne County
(570) 825-1628

EXHIBIT A
Blumberg No. 5208