# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **WILLIAM BRACE,** | : |
| | : |
| **Plaintiff,** | : **Civil Action No. 3:11-cv-02101 - ARC** |
| | : |
| **v.** | : |
| | : |
| **LUZERNE COUNTY, et al.,** | : |
| | : |
| **Defendants.** | : |

**LUZERNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, LUZERNE COUNTY RETIREMENT BOARD, MARYANNE C. PETRILLA, THOMAS J. COONEY, STEPHEN A. URBAN, WALTER L. GRIFFITH, JR., AND MICHAEL A. MORREALE'S
BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND ................................................................ 3

Plaintiff Pleads Guilty To A Federal Offense: Corrupt Receipt of a Reward For Official Action Concerning Programs Receiving Federal Funds ............................................................................. 3

The Retirement Board Terminates Plaintiff's Benefits For Having Pled Guilty To Corrupt Receipt of a Reward For Official Action Concerning Programs Receiving Federal Funds ................... 4

III. ARGUMENT ..................................................................................... 5

A.  Standard For A Motion To Dismiss .................................................. 5

B.  The Pennsylvania Public Employee Pension Forfeiture Act, 43 P.S. § 1312, Mandates The Forfeiture of Plaintiff's Retirement Benefits. .............................................................. 6

    1.  Plaintiff Was A Public Official/Public Employee. ..................... 8

    2.  Plaintiff Pled Guilty To A Crime Related To Public Office/Employment. ......................................................... 8

C.  There Has Been No Due Process Violation. ....................................... 12

D.  There Has Been No Equal Protection Violation ................................. 18

E.  The Complaint Should Be Dismissed Because The Retirement Board Defendants Have Immunity. ................................. 20

IV. CONCLUSION ................................................................................... 22

PH1 3049933v2 02/15/12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Apgar v. State Employees' Retirement System,*
  655 A.2d 185 (Pa. Cmwlth. 1994) ..................................................................... 15

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S.Ct. 1955 (2007) ................................................................... 6

*Borough of Olyphant v. Pennsylvania PUC,*
  861 A.2d 377 (Pa. Cmwlth. 2004) ..................................................................... 18

*Bowman v. Burroughs,*
  2008 WL 5427910 (W.D. Pa. Dec. 30, 2008) ............................................. 15, 16

*Cleveland Board of Ed. v. Loudermill,*
  470 U.S. 532, 105 S.Ct. 1487 (1985) ................................................................. 16

*D'Atilio v. Dover Twp.,*
  2008 WL 3925833 (M.D. Pa. Aug. 21, 2008) ............................................. 18, 19

*Dee-Dee Cab, Inc. v. Pennsylvania PUC,*
  817 A.2d 593 (Pa. Cmwlth. 2003) ..................................................................... 18

*Doe v. Groody,*
  361 F.2d 232 (3d Cir. 2004) ............................................................................... 20

*Doug Grant, Inc. v. Great Bay Casino Corp.,*
  232 F.3d 173 (3d Cir. 2000) ................................................................................. 6

*Engquist v. Oregon Dept. of Agric.,*
  533 U.S. 591, 128 S.Ct. 2147 (2008) ........................................................... 19, 20

*Gierschick v. State Employees' Retirement Board,*
  733 A.2d 29 (Pa. Cmwlth. 1999) ....................................................................... 15

*Gioffre v. Board of Pensions and Retirement of the City of Phila. and the
  City of Phila,*
  1999 WL 239410 (E.D. Pa. Mar. 31, 1999) ........................................... 12, 13, 14

PH1 3049933v2 02/15/12

*Hill v. Borough of Kutztown,*
    455 F.3d 225 (3d Cir. 2006)............................................................................ 19

*Holmes v. Dreyer,*
    2010 WL 3791360 (E.D. Pa. Sept. 28, 2010) .................................................. 8

*In re Burlington Coat Factory Sec. Litig.,*
    114 F.3d 1410 (3d Cir. 1997)......................................................................... 6

*Kegolis v. Borough of Shenandoah, Penn., et al.,*
    2006 WL 3814311 (M.D. Pa. Dec. 27, 2006)................................................ 12

*Kounelis v. Sherrer,*
    529 F. Supp. 2d 503 (D. N.J. 2008) .............................................................. 20

*Mazzo v. Bd. of Pensions & Ret.,*
    611 A.2d 193 (Pa. 1992) ............................................................................... 11

*Merlino v. Phila. Bd. of Pensions and Retirement,*
    916 A.2d 1231 (Pa. Cmwlth. 2007) .............................................................. 11

*Morrissey v. Brewer,*
    408 U.S. 471, 92 S.Ct. 2593 (1972)............................................................... 15

*Morse v. Lower Merion Sch. Dist.,*
    132 F.3d 902 (3d Cir. 1997)..................................................................... 3, 5

*Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.,*
    836 F.2d 173 (3d Cir. 1988)........................................................................... 5

*Phillips v. County of Allegheny,*
    515 F.3d 224 (3d. Cir. 2008).......................................................................... 6

*Scavone v. Penn. State Police,*
    2011 WL 6100621 (M.D. Pa. Dec. 7, 2011)............................................. 19, 20

*Shiomos v. Comm. of Penn. State Employees' Retirement Bd.,*
    626 A.2d 158 (Pa. 1993) ........................................................................... 1, 12

*Stehney v. Perry,*
    907 F. Supp. 806 (D. N.J. 1995) .................................................................. 17

PH1 3049933v2 02/15/12

*Vill. of Willowbrook v. Olech,*
   528 U.S. 562, 120 S.Ct. 1073 (2000) ................................................................ 18

*Wilson v. Layne,*
   526 U.S. 603, 119 S.Ct. 1592 (1999) ................................................................ 20

## STATUTES

43 P.S. § 1312(8) ...................................................................................................... 12

43 P.S. § 1313(a) ..................................................................................................... 5, 6

18 U.S.C. § 666(a)(1)(B) ................................................................................... passim

18 Pa.C.S.A. § 4701 ......................................................................................... passim

Hobbs Act, 18 U.S.C. § 1951 ................................................................................. 13

Pennsylvania Public Employee Pension Forfeiture Act, 43 P.S. § 1312 ......... passim

## RULES

Federal Rule of Civil Procedure 12(b)(6) ..................................................... 3, 5, 6, 17

PH1 3049933v2 02/15/12

Defendants Luzerne County Employees' Retirement System (the "Retirement System"); Luzerne County Retirement Board (the "Retirement Board"); Maryanne C. Petrilla ("Petrilla"), Thomas J. Cooney ("Cooney"), Stephen A. Urban ("Urban"), Walter L. Griffith, Jr. ("Griffith, Jr."), and Michael A. Morreale ("Morreale") (Petrilla, Cooney, Urban, Griffith, Jr. and Morreale are collectively referred to as the "Individual Defendants" ) (collectively, the "Retirement Board Defendants"), by their undersigned counsel, hereby submit this memorandum of law in support of their motion to dismiss plaintiff's complaint. As it pertains to the Individual Defendants, this motion supports the dismissal of the claims that plaintiff has asserted against them in their personal capacities. The claims that have been asserted against them in their official capacities will be addressed in a separate brief to be filed by separate counsel.

## I.    INTRODUCTION

"It is neither unconscionable nor unreasonable to require honesty and integrity during an employee's tenure in public service." *Shiomos v. Comm. of Penn. State Employees' Retirement Bd.*, 626 A.2d 158 (Pa. 1993). By plaintiff's own admission, he was unable to display the honesty and integrity that society deserves from its public officials. Plaintiff's criminal conduct, and subsequent guilty plea, constitute the exact scenario envisioned by the authors of the Pennsylvania Public Employee Pension Forfeiture Act, 43 P.S. § 1312 (the

"PEPFA"). The PEPFA expresses the sentiment that one who engages in criminal conduct related to their public office, and is either convicted or pleads guilty, should not be entitled to pension payments from retirement systems that are funded in whole or in part by the Commonwealth or any political subdivision.

Despite his criminal behavior, his guilty plea, his imprisonment and fine, and even in the face of a clear and unequivocal statute that leaves no discretion to an administrative agency to not impose sanctions, plaintiff has filed this complaint arguing that he should still be entitled to receive pension benefits from Luzerne County. Recognizing the impropriety of that result, the Pennsylvania legislature sought to preclude this exact scenario. In order to receive his pension benefits, plaintiff was obligated to remain free of a criminal conviction or guilty plea related to his public office/employment – certainly not too much to ask of our public officials. However, plaintiff could not keep up his end of the deal. He pled guilty to criminal conduct that was unequivocally related to his public office/employment and, consequently, his pension benefits were rightfully terminated. For the reasons set forth herein, plaintiff's Complaint challenging the decision of the Retirement Board Defendants should be dismissed.

2

## II.   FACTUAL BACKGROUND[1]

In order to understand the fatal deficiencies in plaintiff's claims, it is necessary to understand what transpired prior to plaintiff filing this lawsuit. Plaintiff is a former employee of Luzerne County, first as the Deputy Clerk of Courts with the Office of the Clerk of Courts, and later as the Deputy Chief Clerk with the Board of Luzerne County Commissioners. *See* Complaint at ¶¶ 12-13. Plaintiff retired from office on November 4, 2008 and filed an application for payment of retirement benefits. *Id.* at ¶ 14.   The Luzerne County Retirement Board approved plaintiff's application for retirement benefits. *Id.*

### Plaintiff Pleads Guilty To A Federal Offense: Corrupt Receipt of a Reward For Official Action Concerning Programs Receiving Federal Funds

On November 12, 2009, plaintiff entered into a written Plea Agreement with the U.S. Attorney for the Middle District of Pennsylvania. *Id.* at ¶ 15.   Plaintiff agreed to waive indictment by a federal grand jury and instead pled guilty to a violation of 18 U.S.C. § 666(a)(1)(B), Corrupt Receipt of a Reward for Official Action Concerning Programs Receiving Federal Funds. *Id.*   Plaintiff violated this statute by accepting a tailor-made, monogrammed suit as a reward for supporting the efforts of a contractor who had entered into a contract with Luzerne County.

---

[1] In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff, but the Court is not required to accept allegations that amount to mere legal conclusions or "bald assertions" without any factual support. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

3

*Id.* After plaintiff entered into the plea agreement, but before it was accepted by the Court, the Retirement Board suspended payment of plaintiff's retirement benefits in November, 2009 but reinstated those benefits in December 2009 upon notification from plaintiff's criminal defense attorney that plaintiff's benefits had been prematurely suspended. *Id.* at ¶ 17.

On January 6, 2010, plaintiff appeared before The Honorable James M. Munley, United States District Judge, and pled guilty to the Information charging him with Corrupt Receipt of a Reward for Official Action Concerning Programs Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(B). *Id.* at ¶ 18. The Court accepted the plea. *Id.* On April 7, 2010, plaintiff was sentenced as follows: a three month prison term, supervised release for two years upon his release from prison, a $10,000.00 fine and a special assessment of $100.00. *Id.* at ¶ 19.

### The Retirement Board Terminates Plaintiff's Benefits For Having Pled Guilty To Corrupt Receipt of a Reward For Official Action Concerning Programs Receiving Federal Funds

On January 29, 2010, Richard Hummer, Pension Coordinator of the Luzerne Country Retirement Board, issued a letter to plaintiff which explained that the Retirement Board had unanimously voted to terminate his retirement benefits upon the Court's acceptance of plaintiff's guilty plea to the charge of Corrupt Receipt of

4

a Reward for Official Action Concerning Programs Receiving Federal Funds. *Id.*
at ¶ 20; *see also* Exhibit A to plaintiff's complaint. In the January 29 letter, Mr.
Hummer explained that the Retirement Board had concluded that the specific
federal crime to which plaintiff pled guilty "is the same as one or more of the state
crimes enumerated within the definition of 'Crimes Related to Public Office or
Public Employment'" under § 1312 of the PEPFA. *Id.* The letter concluded by
noting that Sections 1313(a) and (b) of the PEPFA "provide that any public
employee who pleads guilty to a crime related to public office or employment
forfeits his retirement." *Id.* As a result, the January 29, 2010 letter served to notify
plaintiff that his retirement benefits had been terminated effective January 6, 2010,
the date that plaintiff appeared before Judge Munley and pled guilty. *Id.*

## III.   ARGUMENT

### A.   Standard For A Motion To Dismiss

The Retirement Board Defendants move to dismiss plaintiff's complaint
pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim
upon which relief can be granted. A complaint may be dismissed for failure to
state a claim upon which relief can be granted if the facts pled and the reasonable
inferences therefrom are legally insufficient to support the relief requested. *Morse*
*v. Lower Merion Sch. Dist.*, 132 F.3d at 906 (3d Cir. 1997); *Pennsylvania ex rel.*
*Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 179 (3d Cir. 1988). "While a

5

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d. Cir. 2008) (complaint must set forth "some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation"). In reviewing a motion to dismiss, the Court need not accept as true "unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000). Finally, the Court "need not credit a complaint's bald assertions or legal conclusions." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) (citations omitted).

## B. The Pennsylvania Public Employee Pension Forfeiture Act, 43 P.S. § 1312, Mandates The Forfeiture of Plaintiff's Retirement Benefits.

43 P.S. § 1313(a) provides that "... no public official or public employee nor any beneficiary designated by such public official or public employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of the contribution paid into any pension fund without interest, if such public official or public employee is convicted or pleads guilty or no defense to

6

any crime related to public office or employment". 43 P.S. § 1312 identifies certain Pennsylvania criminal offense which, if violated, constitute "[c]rimes related to public office or public employment" under the PEPFA, so long as the enumerated criminal offense was committed "by a public official or public employee through his public office or position or when his public employment places him in a position to commit the crime." After the identification of the relevant Pennsylvania criminal offenses, 43 P.S.§ 1312 states: "[i]n addition to the foregoing specific crimes, the term also includes all criminal offense as set forth in Federal law **substantially the same** as the crimes enumerated herein." (emphasis added). Finally, "public official" or "public employee" is defined as follows:

> Any person who is elected or appointed to any public office or employment including justices, judges and justices of the peace and members of the General Assembly or who is acting or who has acted on behalf of the Commonwealth or a political subdivision or any agency thereof including but not limited to any person who has so acted and is otherwise entitled to or is receiving benefits whether that person is acting on a permanent or temporary basis and whether or not compensated on a full or part-time basis. This term shall not include independent contractors nor their employees or agents under contract to the Commonwealth or its political subdivision nor shall it apply to any person performing tasks over which the Commonwealth or political subdivision has no legal right of control. However, this term shall include all persons who are members of any retirement system funded in whole or in part by the Commonwealth or any political subdivision. For the purposes of this act such persons are deemed to be engaged in public employment.

43 P.S. § 1312.

### 1. Plaintiff Was A Public Official/Public Employee.

Plaintiff easily satisfies the Pension Forfeiture Statute's definition of a public official or public employee. In 2001, plaintiff was appointed as the Deputy Clerk of Court with the Office of the Clerk of Courts in and for Luzerne County. *See* Complaint at ¶12. Plaintiff was later appointed as Deputy Chief Clerk with the Board of Luzerne County Commissioners. *Id.* at ¶ 13. Plaintiff's own complaint establishes that he was "appointed" to a "public office" as required by 43 P.S. § 1312. Furthermore, plaintiff was a member of the Luzerne County Employees Retirement System. *Id.* at ¶ 12. Accordingly, plaintiff is a public official/public employee for purposes of the Pension Forfeiture Statute. *See Holmes v. Dreyer*, 2010 WL 3791360, *2 (E.D. Pa. Sept. 28, 2010) (describing Clerk of Court as public employee).

### 2. Plaintiff Pled Guilty To A Crime Related To Public Office/Employment.

Plaintiff pled guilty to Corrupt Receipt of Reward for Official Action Concerning Programs Receiving Federal Funds, 18 U.S.C. § 666(a)(1)(B). *Id.* at ¶ 18. Section 666 is "substantially the same" as the Pennsylvania enumerated criminal offense of 18 Pa.C.S.A. § 4701 – Bribery in Official and Political Matters. In pertinent part, 18 Pa.C.S.A. § 4701 provides as follows:

§ 4701. Bribery in official and political matters

(a) **Offenses Defined** – A person is guilty of bribery, a felony of

the third degree, if he offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another:

(1) any pecuniary benefit as consideration for the decision, opinion, recommendation, vote or other exercise of discretion as a public servant, party official or voter by the recipient;

(2) any benefit as consideration for the decision, vote, recommendation or other exercise of official discretion by the recipient in a judicial, administrative or legislative proceeding; or

(3) any benefit as consideration for a violation of a known legal duty as a public servant or party official.

18 Pa.C.S.A. § 4701.

The federal statute under which plaintiff pled guilty – 18 U.S.C. § 666 – Theft or bribery concerning programs receiving Federal funds – in pertinent part provides as follows:

(a) Whoever, if the circumstances described in subsection (b) of this section exist –

(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof –

(B) corruptly solicits or demands for the benefit or any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; or ….

shall be fined under this title, imprisoned not more than 10 years, or both.

9

(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other form of Federal assistance.

18 U.S.C. § 666(a)(1)(B) and § 666(b).

The language of 18 U.S.C. § 666(a)(1)(B) is "substantially the same" as the language in the Pennsylvania enumerated offense of 18 Pa.C.S.A. § 4701. At their core, both statutes intend to punish a public official for soliciting, demanding, or accepting anything of value or a pecuniary benefit that is offered or conferred for the purposes of influencing that person in their official capacity. Through his guilty plea, plaintiff has admitted accepting the "benefit" of a custom, tailor-made and monogrammed suit as a reward for supporting the efforts of a contractor who entered into a contract with Luzerne County. *See* Complaint at ¶ 15. Plaintiff argues in his complaint that bribery and the federal statute pursuant to which he pled guilty are "two separate crimes" with "two different sets of elements." *Id.* at ¶ 35. Even accepting that as true, the Retirement Board's decision is still valid. In addition to the enumerated offenses, the PEPFA refers to "all criminal offenses set forth in Federal law that are **substantially the same** ...." Substantially the same is certainly different than identical and, therefore, it's not necessary that the elements be the same. Plaintiff's offense qualifies as being substantially the same as 18 Pa.C.S.A. § 4701. Further, plaintiff's argument that the crimes are not

10

"substantially the same" is disingenuous. "Bribery" appears in the title of both statutes, and they are intended to address the same criminal behavior.

"In enacting the [Pennsylvania Employee Pension Forfeiture Act], the legislature sought to promote integrity in public employment by imposing a forfeiture provision that would deter acts of criminal misconduct, thereby encouraging public employees to maintain standards of conduct deserving of the public's trust." *Mazzo v. Bd of Pensions & Ret.*, 611 A.2d 193, 196 (Pa. 1992). The decision of the Pennsylvania legislature to include the phrase "[i]n addition to the foregoing specific crimes, the term also includes all criminal offense as set forth in Federal law **substantially the same** as the crimes enumerated herein" was surely guided by situations such as this. It is illogical to assume that the legislature intended a guilty plea pursuant to a state bribery statute to result in the forfeiture of retirement benefits but a different result if the guilty plea was pursuant to a federal bribery statute. Failing to find that 18 U.S.C. § 666(a)(1)(B) is "substantially the same" as 18 Pa.C.S.A. § 4701 would undermine the intent of the legislature in enacting the PEPFA: promoting integrity in public employment.

Courts frequently rely upon the "substantially the same" language of the PEPFA to prevent those guilty of criminal misconduct related to their public office from receiving pension benefits. *See Merlino v. Phila. Bd. of Pensions and Retirement*, 916 A.2d 1231 (Pa. Cmwlth. 2007) (finding that crime of making false

11

statement to a federal agency, to which a police officer had pled guilty, was "substantially similar" to state crimes of making false reports to law enforcement agencies and unsworn falsification to authorities); *Shiomos v. Comm. of Penn. State Employees' Retirement Bd.*, 626 A.2d 158 (Pa. 1993) (finding that violation of the Hobbs Act was "equivalent to one of the enumerated state offenses found at 43 P.S. § 1312(8); namely 18 Pa.C.S. § 4701 (relating to bribery in official and political matters)).

## C.    There Has Been No Due Process Violation.

Plaintiff has asserted claims for denial of substantive and procedural due process. Both of these claims must fail. As an initial matter, this Court has held that a pension benefit does not constitute property entitled to substantive due process protection in the Third Circuit. *See Kegolis v. Borough of Shenandoah, Penn., et al.*, 2006 WL 3814311, *5, n. 12 (M.D. Pa. Dec. 27, 2006) (referencing that Court's earlier dismissal of plaintiff's substantive due process claim under § 1983).

In *Gioffre v. Board of Pensions and Retirement of the City of Phila. and the City of Phila*, 1999 WL 239410 (E.D. Pa. Mar. 31, 1999), the United States District Court for the Eastern District of Pennsylvania considered a plaintiff's denial of due process and equal protection claims much like the ones plaintiff has asserted here. In that case, Gioffre, a Philadelphia police officer, was discharged from the police

force for, *inter alia*, accepting bribes. 1999 WL 239410, *1. On September 5, 1984, the Board of Pensions and Retirement ("the Board") notified Gioffre that as a result of his dismissal for illegal conduct while in office, he would not be eligible to receive pension benefits. *Id.* Gioffre's counsel argued that the Board's decision was premature because he had not yet been charged with a crime. *Id.* On March 1, 1985 Gioffre was indicted for violation of the Hobbs Act, 18 U.S.C. § 1951, and in June 1985, was convicted and sentenced to fifteen months imprisonment. *Id.* at *2. After the indictment, a hearing was held to determine whether the Board's pre-conviction determinations was premature. Before the Board rendered a decision, plaintiff was convicted. *Id.* Another hearing was held on October 1, 1986, and plaintiff's counsel agree to provide the Board with the complete record from his criminal trial and a brief, which were never provided. *Id.*

On March 1, 1989, upon reaching the age at which he would have been eligible for retirement, Gioffre applied for pension benefits. *Id.* In October 1993, Gioffre contact the Board to inquire about the status of his pension and was told that the 1984 determination of ineligibility was "final and unappealable". *Id.* at *3. After requesting additional hearings, which were denied, Gioffre filed his complaint and claimed that "because he was acquitted of the particular charge listed in his notice of dismissal and because the Board cited its previous determinations of ineligibility, its action was 'defective'". Gioffre also argued that

other employees had received pension benefits despite having been convicted of committing a crime. *Id.*

In evaluating Gioffre's due process and equal protection claims, the court explained that "[t]here is no abstract federal Constitutional right to process …[f]or due process purposes, the question of what constitutes 'property' is defined by state law." *Id.* (internal citations omitted). The court went on to note that "[f]rom the time plaintiff joined the police force any right to receive a pension was contingent on his remaining free of any federal or state conviction for corrupt conduct. At the time plaintiff applied for pension benefits, he had been convicted in federal court." *Id.* In reaching the ultimate conclusion that summary judgment should be granted in favor of the defendants, the court wrote:

> Further, where due process is implicated, the purpose of a hearing is to avert or rectify a mistake in the seizure or deprivation of property. The point of a hearing is to determine relevant facts. It was uncontroverted at the time he applied for benefits that plaintiff had facilitated the collection of bribes and was convicted of violating the Hobbs Act. The judgment of conviction was not reversed or vacated. **No hearing could thus alter the fact that by operation of law, any interest of plaintiff in a pension had been extinguished or forfeited.** The Board has no discretion to award benefits to someone convicted of an enumerated offense.

*Id.* at *4 (emphasis added).

The analysis in *Gioffre* is directly on point here. Plaintiff's right to a pension was contingent on his remaining free of any federal or state conviction for, or plea to, corrupt conduct related to his public employment. By his own

14

admission, plaintiff engaged in corrupt behavior while employed as a public official. Once his guilty plea was entered and accepted, the Retirement Board Defendants had no discretion. They could not choose to award benefits to someone who pled guilty to a crime that was "substantially the same" as the enumerated offenses. The relevant facts were determined by plaintiff's guilty plea. *See also Gierschick v. State Employees' Retirement Board*, 733 A.2d 29, 33 (Pa. Cmwlth. 1999) (affirming decision of State Employees' Retirement Board that ordered forfeiture of plaintiff's retirement benefits pursuant to Public Employee Pension Forfeiture Act and finding that the PEPFA "leaves no discretion to any administrative agency once the triggering conviction or guilty plea occurs"), *citing Apgar v. State Employees' Retirement System*, 655 A.2d 185 (Pa. Cmwlth. 1994) (finding that Public Employees' Retirement Board had no authority to act in a discretionary fashion and not impose sanctions dictated by PEPFA). Additionally, a Retirement Board's interpretation of the PEPFA is "entitle to considerable deference". *Gierschick*, 733 A.2d at 33.

"The standard for determining *what* process is due in a particular situation is flexible. The very nature of the due process inquiry eschews reliance on inflexible requirements in favor of an approach which accounts for the precise factual circumstances of the situation at issue". *Bowman v. Burroughs*, 2008 WL 5427910, *7 (W.D. Pa. Dec. 30, 2008), *citing Morrissey v. Brewer*, 408 U.S. 471,

15

481, 92 S.Ct. 2593 (1972). The court in *Bowman* held that a police officer's right to procedural due process was not violated when he was terminated after using a department computer to unlawfully access his girlfriend's e-mail account. *Id.* at *8. The court discussed the Supreme Court's opinion in *Cleveland Board of Ed. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487 (1985), a case cited by plaintiff in his complaint, and wrote that, in the public employment context pre-termination hearings serve two distinct purposes:

> The first purpose served by a pre-termination hearing is to permit the employee to present his or her view of the facts, thereby increasing the chances of 'an accurate decision' with respect to any disputed factual questions. The second purpose served by such a hearing is to give the employee an opportunity 'to invoke the discretion' of the person responsible for making the termination decision in a situation where 'the appropriateness or necessity of the discharge' is subject to dispute.

*Id.* The *Bowman* court went on to note that neither of those purposes would have been furthered by additional procedures in that case. Citing *Loudermill*, the court confirmed that "[t]he primary purpose of due process is to provide for an accurate determination of the *facts* at issue." *Id.* at *10 (emphasis in original).

Importantly, the discussion in *Bowman* illustrates why *Loudermill* is inapplicable here. Neither of the purposes served by a *Loudermill* type hearing would be served in this case. The facts are not in dispute, so plaintiff does not need to present his "view of the facts" in order to increase the chances of an accurate decision. Furthermore, as previously discussed, the Retirement Board had

16

no discretion in this matter that plaintiff could have sought to invoke. The statute is clear and the forfeiture of pension benefits is required by the PEPFA.

This clarification of due process requirements is recognized in many different circumstances. In *Stehney v. Perry*, 907 F. Supp. 806 (D. N.J. 1995), the plaintiff brought a number of claims, include a due process claim, stemming from her refusal to take a polygraph examination and the National Security Agency's subsequent decision to deny her access to a particular project because of that refusal. *Id.* at 814. Plaintiff claimed the defendants denied her due process "by failing to (1) allow her to confront witnesses against her; (2) provide her with the information collected during her 1989 re-investigation; and (3) give her the opportunity to present live testimony at a hearing." *Id.* at 820.

The court in *Stehney* granted defendants' motion and dismissed plaintiff's due process claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In reaching that conclusion, the court wrote the following:

> [I]nasmuch as the only relevant fact – plaintiff's refusal to cooperate with the polygraph interview – was uncontested, it is impossible to see what point would have been served by allowing her 'to confront witnesses against her' or be 'provided with the information collected during her 1989 reinvestigation' ... **[w]here the facts are not in dispute, due process no more requires an evidentiary hearing in the administrative context than it does in the judicial context.**

*Id.* at 821 (emphasis added).

17

This principle has also been recognized in the public utility context. *See Borough of Olyphant v. Pennsylvania PUC*, 861 A.2d 377 (Pa. Cmwlth. 2004) (stating that evidentiary hearings are only necessary where there are material facts in dispute – not for disputes of law, policy or discretion, and holding that there was no need for the PUC to hold an evidentiary hearing when there were no disputed issues of material fact); *Dee-Dee Cab, Inc. v. Pennsylvania PUC*, 817 A.2d 593, 598 (Pa. Cmwlth. 2003) ("When there are no disputed questions of fact and the issue to be decided is purely one of law or policy, a case may be disposed of without resort to an evidentiary hearing").

## D. There Has Been No Equal Protection Violation

Plaintiff has also asserted a claim for denial of equal protection under the law. *See* Complaint at ¶ 51. An equal protection claim can be advanced on one of two theories. *D'Atilio v. Dover Twp.*, 2008 WL 3925833 (M.D. Pa. Aug. 21, 2008). The traditional theory of equal protection claims prohibits discriminatory treatment based on membership in a protected class such as race or gender. *Id.* Under the other theory, frequently referred to as the "class-of-one" theory, "a plaintiff may advance an equal protection claim absent membership in a protected class by alleging irrational and intentional differential treatment when compared with similarly situated individuals". *Id., citing Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000). "To state an equal protection claim on a

18

'class-of-one' theory, a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Id.*, *citing Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006).

Although not labeled as a "class-of-one" claim, plaintiff states that "[d]efendants have intentionally treated him differently from other similarly situated individuals." *See* Complaint at ¶ 52. Before you even get to the analysis outlined in *D'Atilio* and *Hill*, plaintiff's equal protection claim is fatally flawed. In *Scavone v. Penn. State Police*, 2011 WL 6100621, *3 (M.D. Pa. Dec. 7, 2011) (Caputo, J.), this Court wrote that "the United States Supreme Court has explicitly held that 'the class-of-one' theory of equal protection has no application in the public employment context.'" *Id.*, *citing Engquist v. Oregon Dept. of Agric.*, 533 U.S. 591, 607, 128 S.Ct. 2147 (2008). In *Scavone*, this Court went on to explain that

> [T]he Court based this determination on the 'common-sense realization that government offices could not function if every employment decision became a constitutional matter since an allegation of arbitrary differential treatment could be made in nearly every instance of an assertedly wrongful employment action – not only hiring and firing decisions, but any personnel action, such as promotion, salary, or work assignments – on the theory that other employees were not treated wrongfully.

*Id.* (internal citations omitted).

Under *Engquist* and *Scavone*, plaintiff's equal protection claim must be dismissed. However, even if one analyzes this claim under the "class-of-one" theory of equal protection, there was a rational basis for the Retirement Board's decision, namely, plaintiff's guilty plea.

### E. The Complaint Should Be Dismissed Because The Retirement Board Defendants Have Immunity.

Qualified immunity is a defense available to government officials that, in certain cases, shields them from litigation arising out of actions that those officials have taken in the course of their official duties. *Doe v. Groody*, 361 F.2d 232, 237 (3d Cir. 2004). For a defendant to be immune from liability, the Court must find that the defendant's conduct does not violate a clearly established statutory or constitutional right. *Wilson v. Layne*, 526 U.S. 603, 614, 119 S.Ct. 1592 (1999). A two-step inquiry is required to assess a defendant's claim to qualified immunity. *Doe*, 361 F.3d at 237. First, a court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right. *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 526 (D. N.J. 2008). If so, the court then determines whether that constitutional right was "clearly established" at the time of the alleged violation. "A right is 'clearly established' when its contours are sufficiently defined, such that 'a reasonable official would understand that what he is doing violates that right.'" *Id.* (internal citations omitted).

20

With that standard in mind, it is clear that the Retirement Board defendants are entitled to immunity in this case. Even though plaintiff has *alleged* a violation of a clearly established constitutional right, a "reasonable official" would certainly not understand that terminating plaintiff's benefits violates that right. In fact, a reasonable official interpreting the PEPFA would likely believe that they had no other choice but to terminate plaintiff's benefits in light of his guilty plea. Accordingly, the Retirement Board defendants have not forfeited their immunity and plaintiff's complaint against them should also be dismissed on that basis.

PH1 3049933v2 02/15/12

## IV.  CONCLUSION

For all of the foregoing reasons, the Retirement Board Defendants respectfully request that this Court grant its motion and dismiss plaintiff's Complaint in its entirety.[2]

Respectfully submitted,

_____
Robert S. Tintner, Esquire, ID No. 73865
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Phone: 215.299.2000
Facsimile: 215.299.2150

Of Counsel:
Howard Flaxman, Esquire
Beth L. Weisser, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Phone: 215.299.2000
Fax: 215.299.2150
*Pro hac vice motions to be filed.*

*Attorneys for Defendants,*
*Michael A. Morreale, Walter L. Griffith, Jr.,*
*Thomas J. Cooney, Maryanne C. Petrilla,*
*Stephan A. Urban, Luzerne County*
*Retirement Board, and Luzerne County*
*Employees' Retirement System*

Dated:        February 17, 2012

---

[2] The balance of plaintiff's claims, including those that are not specifically identified as violations of due process and/or equal protection, should also be dismissed because their dismissal is warranted by the arguments asserted herein by the Retirement Board defendants, the PEPFA mandates this result, and/or because upon dismissal of the federal claims, this Honorable Court will lack jurisdiction over plaintiff's state law claims.

# CERTIFICATE OF SERVICE

I, Beth L. Weisser, hereby certify that I served a true and correct copy of the

foregoing Brief in Support of Motion to Dismiss Plaintiff's Complaint via ECF and

U.S. first class mail, addressed as follows:

Carl Poveromo, Esquire
Rinaldi & Poveromo, P.C.
520 Spruce Street
P.O. Box 826
Scranton, PA 18501

*Attorney for Plaintiff*

Donald G. Karpowich, Esquire
Sean W. Logsdon, Esquire
Kevin M. Walsh, Jr., Esquire
85 Drasher Road
Drums, PA 18222

*Attorneys for Defendant, Luzerne
County*

Joel M. Wolff, Esquire
David Z. Lantz, Esquire
Elliott Greenleaf & Dean
201 Penn Avenue, Suite 202
Scranton, PA 18503

*Attorneys for Defendant, Luzerne County*

/s/ Beth L. Weisser
Beth L. Weisser

Dated: February 17, 2012

23