## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM BRACE,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION – LAW** |
| | : | |
| **v.** | : | |
| | : | |
| **COUNTY OF LUZERNE,** | : | **THE HONORABLE A. RICHARD** |
| **LUZERNE COUNTY EMPLOYEES'** | : | **CAPUTO** |
| **RETIREMENT SYSTEM, LUZERNE** | : | |
| **COUNTY RETIREMENT BOARD,** | : | |
| **MARYANNE C. PETRILLA,** | : | |
| **CHAIRMAN/TRUSTEE,** | : | |
| **THOMAS J. COONEY, TRUSTEE,** | : | |
| **STEPHEN A. URBAN, TRUSTEE,** | : | |
| **WALTER L. GRIFFITH, JR.,** | : | |
| **TRUSTEE,** | : | |
| **MICHAEL A. MORREALE,** | : | |
| **TRUSTEE,** | : | |
| | : | |
| **Defendants.** | : | **NO. 3:11-cv-02101** |

## DEFENDANTS COUNTY OF LUZERNE, MARYANNE C. PETRILLA, THOMAS J. COONEY, MICHAEL MORREALE, STEPHEN A. URBAN, AND WALTER L. GRIFFITH, JR.'S BRIEF IN SUPPORT OF THEIR <u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Respectfully submitted,
s/Joel M. Wolff
John G. Dean
Joel M. Wolff
**ELLIOTT GREENLEAF & DEAN**
201 Penn Avenue, Suite 202
Scranton, PA  18503

Attorneys for Defendant
County of Luzerne

DATED:  February 29, 2012

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES......................................................................ii

I.    PROCEDURAL AND FACTUAL BACKGROUND ....................................1

II.   ARGUMENT ........................................................................................2

    A.   Motion To Dismiss Standard. ...................................................2

    B.   Article I, Section 10 Does Not Apply As The Statute In Question
        Predates The Contract. ............................................................2

    C.   Plaintiff Does Not Have A Protected Interest in His Retirement
        Benefits Nor Was Plaintiff Due Any Process. .............................4

    D.   Plaintiff Has Failed To Sufficiently Aver A Class Of One Equal
        Protection Claim. ...................................................................6

    E.   County Defendants Did Not Breach The Contract With Plaintiff.....10

    F.   Plaintiff Is Not Entitled To Pension Benefits Pursuant To
        Promissory Estoppel. .............................................................12

    G.   The County Defendants Were Not Negligent. ...................................13

    H.   Plaintiff's Mandamus Action Is Without Merit. ...............................14

    I.    Defendants Ms. Petrilla, Mr. Cooney, Mr. Urban, Mr. Griffith and
        Mr. Morreale Are Entitled To Qualified Immunity With Respect
        To Their Actions. ..................................................................14

    J.    Plaintiff's Claim For Punitive Damages Must Be Dismissed. ...........16

III.  CONCLUSION ...................................................................................17

i

## TABLE OF AUTHORITIES

Alexander v. Riga,
        208 F.3d 419 (3d Cir. 2000) ............................................................16

Anderson v. Creighton,
        483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 ................................. 15-16

Berliner v. Bee Em Mfg. Co.,
        383 Pa. 458, 119 A.2d 65 (1956).............................................. 12-13

Bannum, Inc. v. City of Fort Lauderdale,
        157 F.3d 819, n.3 (11th Cir. 1998)...................................................... 7

Bizzarro v. Miranda,
        394 F.3d 82 (2d Cir. 2005) .................................................................7

Board of Trustees v. Garrett,
        531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001) ............................ 6-7

City of Newport v. Fact Concerts, Inc.,
        453 U.S. 247,  101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) ............................16

Conley v. Gibson,
        355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ..............................................2

FCC v. Beach Commc'ns,
        508 U.S. 307, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993) ...............................7

Flying J Inc. v. City of New Haven,
        549 F.3d 538 (7th Cir. 2008) .................................................... 8-10

General Motors Corp. v. Romein,
        503 U.S. 181, 112 S. Ct. 1105, 117 L. Ed. 2d 328 (1992) .......................... 3-4

Gioffre v. Board of Pensions and Retirement of the City of Philadelphia and
the City of Philadelphia,
        No. 97-5433, 1999 U.S. Dist. LEXIS 4336*9 (E.D. Pa. March 31, 1999)..4-5

Harlen & Assoc. v. Incorporate Village of Mineola,
        273 F.3d 494 (2d Cir. 2001) ............................................................8

Harlow v. Fitzgerald,
 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) ...............................15

Hernandez v. York County,
 288 Fed. Appx. 781 (3d Cir. 2008) .................................................................13

Hill v. Borough of Kutztown,
 455 F.3d 225 (3d Cir. 2006) ........................................................................6, 8

Jordon v. Fox, Rothschild, O'Brien & Frankel,
 20 F.3d 1250 (3d Cir. 1994) ...........................................................................2

Kirby v. City of Elizabeth City,
 388 F.3d 440 (4th Cir. 2004) ...........................................................................8

Lauth v. McCollum,
 424 F.3d 631 (7th Cir. 2005) ........................................................................6-7

Otter v. Cortes,
 602 Pa. 516, 980 A.2d 1283 (2009)................................................................14

Pahler v. City of Wilkes-Barre,
 207 F. Supp. 2d 341 (M.D. Pa. 2001) .............................................................2

Pension Benefit Guar. Corp. v. R.A. Gray & Co.,
 467 U.S. 717, 104 S. Ct. 2709, 81 L. Ed. 2d 601 (1984) ...............................3

Ross v. Duggan,
 402 F.3d 575 (6th Cir. 2004) ...........................................................................8

Rossi v. West Haven Bd. of Educ.,
 359 F. Supp. 2d 178 (D. Conn. 2005) .............................................................8

RUI One Corp. v. City of Berkeley,
 371 F.3d 1137 (9th Cir. 2004) .........................................................................7

Russel v. City of Philadelphia,
 No. 10-2732, 2011 U.S. App. LEXIS 7732, ** 6-7
 (3d Cir. April 14, 2011)....................................................................................7

Saucier v. Katz,
    533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) ..................... 14-15

Shugarts v. Tripp,
    No. 04-10, 2009 U.S. Dist. LEXIS 91568, *28 (W.D. Pa.
    Sept. 29, 2009)……………………………………………………………7

Scott v. Harris,
    550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) ...........................15

Transport Workers Union of Am., Local 290 v. S.E. Pa. Transp. Auth.,
    145 F.3d 619 (3d Cir. 1998) ...........................................................................3

United States Trust Co. of N.Y. v. New Jersey,
    431 U.S. 1, 97 S. Ct. 1505, 52 L. Ed. 2d 92 (1977) ..................................3, 10

Village of Willowbrook v. Olech,
    528 U.S. 562, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) ...........................6

Wisniewski v. Johns-Manville Corp.,
    759 F.2d 271 (3d Cir. 1985) ...........................................................................2

Woodruff v. Mason,
    542 F.3d 545 (7th Cir. 2008) ..........................................................................6

**Federal Statutes**

18 U.S.C. §666........................................................................... 5, 9, 11-12, 16

Pa. Cons. Stat. § 8541 ...................................................................................13

U.S. Const. Art. I ...........................................................................................3

**State Statutes**
18 Pa.C.S. §4701........................................................................... 9, 11-12

43 P.S. §1311 ................................................................................................10

43 P.S. §1312 ...................................................................................4-5, 9, 11

43 P.S. §1313 ................................................................................1, 5, 9, 11-15

Defendants County of Luzerne ("the County"), Maryanne C. Petrilla, Thomas J. Cooney, Michael Morreale, Stephen A. Urban and Walter L. Griffith, Jr., in their individual and official capacities as officers of the County, (collectively, the "County Defendants") respectfully submit this brief in support of their motion to dismiss the complaint filed by Plaintiff William Brace ("Plaintiff").

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his eight (8) count Complaint on November 9, 2011. (See Doc. 1, generally). This Complaint avers that the County Defendants, Luzerne County Employees' Retirement System (the "Retirement System"), and Luzerne County Retirement Board (the "Board")(collectively, "Defendants"), took various actions which illegally deprived Plaintiff of his retirement benefits in violation of, inter alia, Art. I, Section 10 of the U.S. Constitution, the Due Process Clause, the Equal Protection Clause, and various state laws. (Id.) Specifically, Plaintiff avers that "[o]n November 12, 2009, [Plaintiff]... plead guilty to an Information charging him with a violation of Title 18, United States Code Section 666(a)(1)(b)." (Doc. 1 at ¶15). Thereafter, effective January 6, 2010, Plaintiff's retirement benefits were terminated pursuant to Section 1313 of the Pennsylvania Public Employee Pensions Forfeitures Statute, 43 P.S. §1313. (Doc. 1 at Exhibit "A"). For the reasons set forth below, none of Plaintiff's rights were violated in terminating his retirement benefits upon his entry of a plea of guilty under 18

1

U.S.C. §666 for "Theft or bribery concerning programs receiving Federal funds."
See 18 U.S.C. §666.

## II.   **ARGUMENT**

### A.   **Motion To Dismiss Standard.**

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations.  Pahler v. City of Wilkes-Barre, 207 F. Supp. 2d 341, 345 (M.D. Pa. 2001).  The Court is not, however, required to accept as true any of the legal claims, opinions, conclusions or deductions in the complaint. Jordon v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). When, as here, a plaintiff cannot establish any set of facts which would entitle him or her to the relief sought, the challenged claims must be dismissed.  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985).  As set forth below, Plaintiff's claims must be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

### B.   **Article I, Section 10 Does Not Apply As The Statute In Question Predates The Contract.**

Plaintiff claims that Section 1312 of the Pennsylvania Public Employee Pension Forfeiture Statute violates Article 1, Section 10 of the United States Constitution.  (See Doc. 1, p. 10).  Article 1, Section 10, Clause 1 of the United States Constitution provides in relevant part that "[n]o state shall... pass any... law

2

impairing the obligation of contracts." U.S. Const. Art. I, § 10, cl. 1.   The Supreme Court has directed that, in order to ascertain whether there has been a Contract Clause violation, a court must first determine that a change in state law has "operated as a substantial impairment of a contractual relationship." General Motors Corp. v. Romein, 503 U.S. 181, 186, 112 S. Ct. 1105, 117 L. Ed. 2d 328 (1992).   If this threshold inquiry is met, the court must then determine "whether the law at issue has a legitimate and important public purpose." Transport Workers Union of Am., Local 290 v. S.E. Pa. Transp. Auth., 145 F.3d 619, 621 (3d Cir. 1998).   If so, the court must ascertain "whether the adjustment of the rights of the parties to the contractual relationship was reasonable and appropriate in light of that purpose." Id.   Where the contract is between private parties, courts may "defer to legislative judgment as to the necessity and reasonableness of a particular measure." United States Trust Co. of N.Y. v. New Jersey, 431 U.S. 1, 23, 97 S. Ct. 1505, 52 L. Ed. 2d 92 (1977).   Moreover, this review of legislative judgment is more exacting than the rational basis standard applied in the due process analysis. Pension Benefit Guar. Corp. v. R.A. Gray & Co., 467 U.S. 717, 733, 104 S. Ct. 2709, 81 L. Ed. 2d 601 (1984).

Here, Plaintiff avers that Section 1312 of the Pennsylvania Public Employee Pension Forfeiture Statute violates Article I, Section 10.   (See Doc. 1, p. 10). Specifically, he avers that this section has infringed upon his rights to retirement

benefits pursuant to an agreement formed in or about October 3, 2001 when Plaintiff became a member of the Retirement System.  (Id. at p. 4).  However, the language affecting Plaintiff in Section 1312 was approved on July 8, 1978, and became effective decades before the creation of any purported contract between Plaintiff and Defendants.  See 43 P.S. §1312; see also Act 1978-140 (S.B. 578), P.L. 752, § 2.  Given that the relevant state law was in effect long before the formation of a contract, Plaintiff cannot, as a matter of law, show a change in state law that has "operated as a substantial impairment of a contractual relationship." General Motors Corp., 503 U.S. at 186.  Accordingly, Plaintiff has failed to sufficiently aver a colorable claim based upon Article I, Section 10, and, therefore, Count I of Plaintiff's complaint must be dismissed.

### C.   Plaintiff Does Not Have A Protected Interest in His Retirement Benefits Nor Was Plaintiff Due Any Process.

Plaintiff claims that he was denied substantive and/or procedural due process rights in his retirement benefits when his pension was terminated without any notice or an opportunity to be heard.  (See Doc. 1 at pp. 12-13).  However, from the time Plaintiff was appointed to the position of Deputy Clerk of Courts for the County, Plaintiff's right to receive a pension was contingent upon remaining free of any federal or state conviction for corrupt conduct.  Gioffre v. Board of Pensions and Retirement of the City of Philadelphia and the City of Philadelphia, No. 97-5433, 1999 U.S. Dist. LEXIS 4336*9 (E.D. Pa. March 31, 1999).

Moreover, pursuant to section 1313 of the Pennsylvania Public Employee Pension Forfeiture Statute, Plaintiff forfeited any rights to any retirement benefits when Plaintiff entered a plea of guilt related to his employment with the County.  43 P.S. § 1313.  Here, it is without dispute that Plaintiff plead guilty to the Information which charged Plaintiff with Corrupt Receipt of a Reward for Official Action Concerning Programs Receiving Federal Funds in violation of U.S.C. §666(a)(1)(B).  (See Doc. 1 at ¶ 18).  Accordingly, as a matter of Federal and State law, Plaintiff had and has no rights in his retirement benefits.  Id.; Gioffre, supra; 43 P.S. § 1313.

Additionally, with regard to Plaintiff's claim that he was denied the process he was allegedly due, "[t]here is no abstract federal Constitutional right to process."  Gioffre, 1999 U.S. Dist. LEXIS 4336*8.  "Further, where due process is implicated, the purpose of a hearing is to avert or rectify a mistake in the seizure or deprivation of property."  Gioffre, 1999 U.S. Dist. LEXIS 4336 10.  Here it is uncontroverted that Plaintiff's guilty plea to a crime of corruption related to his employment with the County has been accepted and that Plaintiff has been sentenced for his crime.  (See Doc. 1 at ¶¶ 18-19).  Moreover, the County had no discretion when the issue of whether or not to terminate Plaintiff's retirement benefits arose due to Plaintiff's entry of his plea of guilt.  43 P.S. §§ 1312-1313.  Thus, as a matter of Federal and State law, Plaintiff's claim that he was denied

substantive and/or procedural due process fails and must be dismissed.

**D.    Plaintiff Has Failed To Sufficiently Aver A Class Of One Equal Protection Claim.**

Plaintiff claims that he was illegally treated differently from other similarly situated individuals.  (See Doc. 1 at p. 14).  Generally, equal protection claims involve charges of singling out members of a vulnerable group for unequal treatment or allegations that a law or policy makes irrational distinctions between groups of people.  See Woodruff v. Mason, 542 F.3d 545, 553 (7th Cir. 2008).  However, an equal protection claim can also be brought in cases where, as in this case, a plaintiff does not claim to be a member of a class, but argues only that he, individually, is being treated arbitrarily worse than individuals identically situated to him.  See Lauth v. McCollum, 424 F.3d 631, 633 (7th Cir. 2005).  Such claim is known as a "class of one" theory of denial of equal protection.  See, e.g., Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).  To state a class of one claim, "a plaintiff must allege that (1) defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).

With respect to the third element, to prevail on the rational basis element, a "class of one" plaintiff must "negative any reasonably conceivable state of facts that could provide a rational basis for the classification."   Board of Trustees v.

Garrett, 531 U.S. 356, 367, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001); see also FCC

v. Beach Commc'ns, 508 U.S. 307, 314-15, 113 S. Ct. 2096, 124 L. Ed. 2d 211

(1993)(under rational basis standard, plaintiff has burden "to negative every

conceivable basis which might support [contested action]"); Russel v. City of

Philadelphia, No. 10-2732, 2011 U.S. App. LEXIS 7732, ** 6-7 (3d Cir. April 14,

2011). The "rational-basis inquiry is a very lenient one, and specifically 'attach[es

no] legal significance to the timing' of legislative or municipal action." RUI One

Corp. v. City of Berkeley, 371 F.3d 1137, 1156 (9th Cir. 2004)(quoting Bannum,

Inc. v. City of Fort Lauderdale, 157 F.3d 819, 822, n.3 (11th Cir. 1998)).

"Governmental action only fails rational basis scrutiny if no sound reason for the

action can be hypothesized." Lauth, 424 F.3d at 634, citing Garrett, 531 U.S. at

367.

In Bizzarro v. Miranda, 394 F.3d 82, 88-89 (2d Cir. 2005), the Second

Circuit Court of Appeals explained:

> The pertinent question in a constitutional claim is not
> whether the defendants correctly understood the rules
> they were enforcing.  Olech does not empower federal
> courts to review government actions for correctness.
> Rather, an Olech-type equal protection claim focuses on
> whether the official's conduct was rationally related to
> the accomplishment of the work of their agency.

Bizzarro, 394 F.3d at 88-89; see also Shugarts v. Tripp, No. 04-10, 2009 U.S. Dist.

LEXIS 91568, *28 (W.D. Pa. Sept. 29, 2009).

A decision "can be considered irrational" only when the decision-maker "acts with no legitimate reason for its decision." Harlen & Assoc. v. Incorporate Village of Mineola, 273 F.3d 494, 500 (2d Cir. 2001); see also Ross v. Duggan, 402 F.3d 575, 587 (6th Cir. 2004)("Disparate treatment offends equal protection strictures only if it is irrationally arbitrary; that is, if it does not rationally further any conceivable public purpose."); Kirby v. City of Elizabeth City, 388 F.3d 440, 447 (4th Cir. 2004)("To establish a claim that there was no rational basis for any difference in treatment, it is not sufficient for a plaintiff simply to show that the defendants' actual motive for their disparate treatment was irrational; rather he must negate any reasonably conceivable state of facts that could provide a rational basis for the classification."). "[D]ecisions that are imprudent, ill-advised, or even incorrect may still be rational." Rossi v. West Haven Bd. of Educ., 359 F. Supp. 2d 178, 183 (D. Conn. 2005).

In the context of a motion to dismiss, Courts have acknowledged the "perplexing situation" that arises when a lawsuit challenging a government action subject only to rational basis review, as is the case in a class of one equal protection claim, see Hill, 455 F.3d at 239, is evaluated under the deferential standard of a Rule 12(b)(6) motion to dismiss. See Flying J Inc. v. City of New Haven, 549 F.3d 538, 546 (7th Cir. 2008). The solution is to "take as true all of the complaint's allegations and reasonable inferences that follow, [and then] apply the

resulting 'facts' in light of the deferential rational basis standard." Id.   Thus, ultimately, a class of one equal protection plaintiff "must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." Id.   Moreover, "it is only when courts can hypothesize no rational basis for the action that allegations of animus come into play." Id. at 547.

In the case at hand, Plaintiff avers that Defendants had no rational basis for terminating his retirement benefits. (See Doc. 1 at p. 14).   However, in paragraph 15 of Plaintiff's complaint, he admits that "[o]n November 12, 2009, [Plaintiff]… plead guilty to an Information charging him with a violation of Title 18, United States Code Section 666(a)(1)(b)." (See Doc. 1 at ¶15).   Pursuant to section 1313 of the Pennsylvania Public Employee Forfeiture Act, Defendants were mandated to immediately cease Plaintiff's retirement benefits upon his being convicted or pleading guilty to a crime related to public officer or public employment.   43 P.S. §1313.   Such crimes include, inter alia, Section 4701 (relating to bribery in official and political matters) and "all criminal offenses as set forth in Federal law substantially the same as the crimes enumerated herein."   43 P.S. §1312.   In comparing 18 U.S.C. §666, "Theft or bribery concerning programs receiving Federal funds," with 18 Pa.C.S. §4701, "Bribery in official and political matters," it is clear on the face of each statute that the two are substantially similar. Compare 18 U.S.C. §666 with 18 Pa.C.S. §4701.   As such, Plaintiff has not

"alleged facts sufficient to overcome the presumption of rationality that applies to government classifications." <u>See</u> <u>Flying J Inc.</u>, 549 F.3d 538, 546 (7th Cir. 2008). Accordingly, as a matter of law, Count III of Plaintiff's complaint must be dismissed.

###   E.   County Defendants Did Not Breach The Contract With Plaintiff.

Plaintiff claims that all of the Defendants illegally breached a contract with him. (<u>See</u> Doc. 1 at p. 17). "The obligations of a contract long have been regarded as including not only the express terms but also the contemporaneous state law pertaining to interpretation and enforcement." <u>United States Trust Co. of N.Y.</u>, 431 U.S. 1, 19, 97 S. Ct. 1505, 52 L. Ed. 2d 92 (1977). The Supreme Court has said that "the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms." <u>Id.</u> "This principle presumes that contracting parties adopt the terms of their bargain in reliance on the law in effect at the time the agreement is reached." <u>Id.</u>

In the matter at hand, at the time of the alleged formation of the contract between Plaintiff and Defendants, the Pennsylvania Public Employee Pension Forfeiture Statute had already gone into effect. <u>See</u> 43 P.S. §1311, <u>et. seq.</u> Section 1313 of the Pennsylvania Public Employee Pension Forfeiture Statute states:

(a)     Notwithstanding any other provision of law, no public official or public employee nor any beneficiary designated by such public official or public employee shall be entitled to receive any retirement or other benefit... if such public official or public employee... pleads guilty... to any crime related to public office or public employment.

43 P.S. §1313(a).   "Crime related to public office or public employment" is previously defined in the statute as meaning any of the crimes enumerated in Section 1312, including section 4701 (relating to bribery in official and political matters), as well as "all criminal offenses as set forth in Federal law substantially the same as the crimes enumerated herein."  43 P.S. §1312.

In paragraph 15 of Plaintiff's complaint, he admits that "[o]n November 12, 2009, [Plaintiff]... plead guilty to an Information charging him with a violation of Title 18, United States Code Section 666(a)(1)(b)."  (Doc. 1 at ¶15).  In comparing 18 U.S.C. §666, "Theft or bribery concerning programs receiving Federal funds," with 18 Pa.C.S. §4701, "Bribery in official and political matters," it is clear on the face of each statute that the two are substantially similar.  Compare 18 U.S.C. §666 with 18 Pa.C.S. §4701.  Specifically, the crime Plaintiff plead guilty to required that he, as an agent of a local government, **solicited or accepted anything of value intending to be influenced in connection with any action of that local government**.  See 18 U.S.C. §666(a)(1)(B).  By comparison, 18 P.S. §4701 requires that a person **solicit, accept, or agree to accept** from another any

11

**pecuniary benefit as consideration for a decision, opinion, recommendation, vote or other exercise of discretion as a public servant**.   See 18 P.S. §4701(a)(1).  These crimes share the same elements and, as a result, a violation of one would necessarily be a violation of the other.  Compare 18 U.S.C. §666 with 18 Pa.C.S. §4701.  As such, they are "substantially the same," and, pursuant to Section 1313 of the Pennsylvania Public Employee Pension Forfeiture Statute, which is regarded as being incorporated into the alleged contract between Plaintiff and Defendants, Plaintiff had forfeited any right to receive retirement benefits from Defendants.  See 43 P.S. §1313.  Accordingly, the County did not breach the contract with Plaintiff by refusing, after entry of his guilty plea, to provide him with further retirement benefits, and, therefore, Count VI of Plaintiff's complaint must be dismissed.

### F.   Plaintiff Is Not Entitled To Pension Benefits Pursuant To Promissory Estoppel.

Plaintiff also asserts a claim of promissory estoppel.  (See Doc. 1 at p. 17). Under Pennsylvania law, a claim of promissory estoppel requires a plaintiff to show "a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."  Berliner v. Bee Em Mfg. Co., 383 Pa. 458, 460, 119 A.2d 65 (1956).  In this case, for the reasons previously set forth, the

Pennsylvania Public Employees Pension Forfeiture Act was in effect prior to Plaintiff becoming a member of the retirement system.   See 43 P.S. §1313. Moreover, due to Plaintiff's own admitted criminal misconduct, he cannot receive these funds under the Act.  Id.  As Plaintiff was on notice of this requirement when taking action pursuant to any alleged promise, there has been no actionable breach by Defendants here.  See Id.  Furthermore, no injustice would be done here, as Plaintiff admittedly participated in criminal conduct relating to his position as a public employee.  See Berliner, 282 Pa. at 460.

### G.    The County Defendants Were Not Negligent. [1]

For the reasons stated above, Defendant was not negligent in terminating Plaintiff's retirement benefits.  To the contrary, Defendant was under a statutory obligation to cease his benefits immediately upon the entry of his guilty plea.  See 43 P.S. §1313.  Moreover, even if Defendant were negligent, Defendant is immune from claims of negligence and gross negligence pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541, et seq.  See Hernandez v. York County, 288 Fed. Appx. 781, 783 (3d Cir. 2008).  Accordingly, Count VII of Plaintiff's complaint must be dismissed.

---

[1]    Count VII of Plaintiff's complaint has the heading of "Lata Culpa."  After thorough research, the County Defendants were unable to find a cause of action referred to as such.  However, the Latin phrase roughly translates to mean gross negligence, and, as such, this  count has been treated as a claim of negligence.

**H.   Plaintiff's Mandamus Action Is Without Merit.**

Plaintiff seeks an Order in Mandamus directing the County Defendants to restore his retirement benefits.  (See Doc. 1 at p. 20).  It is well established Pennsylvania law that "[a] writ of mandamus will issue only to compel performance of a public official's mandatory and non-discretionary duty.  For a writ to issue there must be a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of any other adequate and appropriate remedy at law."  Otter v. Cortes, 602 Pa. 516, 519-520, 980 A.2d 1283 (2009).  Here, for the reasons set forth above, Plaintiff's retirement benefits were severed immediately by operation of law upon the entering of his guilty plea.  See 43 P.S. §1313.  As such, mandamus would not act to reinstate Plaintiff's benefits, but instead to terminate them – the action already taken which Plaintiff complains of.  Accordingly, Plaintiff's mandamus claim is without basis and Count VII [sic] of Plaintiff's complaint must be dismissed.

**I.   Defendants Ms. Petrilla, Mr. Cooney, Mr. Urban, Mr. Griffith and Mr. Morreale Are Entitled To Qualified Immunity With Respect To Their Actions.**

The individual Defendants, Ms. Petrilla, Mr. Cooney, Mr. Urban, Mr. Griffith, and Mr. Morreale, are entitled to qualified immunity with respect to Plaintiff's claims, and, therefore, must be dismissed from this action.  See Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).  In

determining the applicability of qualified immunity, the court must first determine, in a light most favorable to the plaintiff, if the government official has violated a constitutional right. <u>Scott v. Harris</u>, 550 U.S. 372, 376, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007), <u>citing</u> <u>Saucier</u>, 533 U.S. at 201. If, and only if, the court finds that a constitutional right has been violated, "the next, sequential step is to ask whether the right was clearly established ... in light of the specific context of the case." <u>Id</u>. As to qualified immunity, state officials performing discretionary functions are shielded from liability from civil actions in so far as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). For an individual official to be held liable, the contours of the allegedly violated right must be sufficiently clear that a reasonable official must understand what he was doing violates that right. <u>Anderson v. Creighton</u>, 483 U.S. 635, 639, 107 S. Ct. 3034, 97 L. Ed. 2d 523.

In this case, as described above, Section 1313 of the Pennsylvania Public Employee Pension Forfeiture Statute mandates that a person convicted on certain crimes, including section 4701 (relating to bribery in official and political matters), cannot receive retirement benefits. <u>See</u> 43 P.S. §1313(a). Given this non-discretionary language, coupled with the dearth of applicable decisions from within the Third Circuit, a reasonable official could not be on notice that violation of 18

U.S.C. §666 would not require immediate cessation of retirement benefits. <u>See</u> <u>Anderson</u>, 483 U.S. at 639. Accordingly, the individual Defendants must be dismissed pursuant to the doctrine of qualified immunity.

### J.   **Plaintiff's Claim For Punitive Damages Must Be Dismissed.**

Plaintiff's complaint sets forth a general request for punitive damages against all Defendants. (See Doc. 1 at p. 20). To the extent that Plaintiff seeks punitive damages against the County, the Supreme Court has expressly held that punitive damages cannot be awarded against a governmental entity. <u>City of</u> <u>Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 261, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981). As such, said request for punitive damages must be dismissed.

As for Plaintiff's request for punitive damages against the individual Defendants, punitive damages may only be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." <u>Alexander v. Riga</u>, 208 F.3d 419, 431 (3d Cir. 2000). Plaintiff's complaint acknowledges that Plaintiff plead guilty to a federal crime pursuant to 18 U.S.C. §666. (<u>See</u> Doc. 1 at ¶15). Given the requirements of Section 1313 of the Pennsylvania Public Employee Pension Forfeiture Statute, and the lack of factual averments regarding any ill motive or evil intent on the part of the individual Defendants, (<u>see</u> Doc. 1, <u>generally</u>), Plaintiff's request for punitive damages must be dismissed.

## III.   **CONCLUSION**

For the foregoing reasons, this Court must grant Defendants County of Luzerne, Maryanne C. Petrilla, Thomas J. Cooney, Michael Morreale, Stephen A. Urban and Walter L. Griffith, Jr.'s motion to dismiss and as such, dismiss Plaintiff's complaint as against the County Defendants.

Respectfully submitted,

s/Joel M. Wolff
John G. Dean
Joel M. Wolff
**ELLIOTT GREENLEAF & DEAN**
201 Penn Avenue, Suite 202
Scranton, PA  18503

Attorneys for Defendant
County of Luzerne

DATED:  February 29, 2012

17

## WORD COUNT CERTIFICATION

In accordance with Rule 7.8, the undersigned counsel for Defendants County of Luzerne, Maryanne C. Petrilla, Thomas J. Cooney, Michael Morreale, Stephen A. Urban and Walter L. Griffith, Jr., in their individual and official capacities as officers of the County, hereby certifies that the brief in support of their motion for summary judgment contains less than 5,000 words.  I have relied upon the word count feature of the word processing system which indicated that 3,982 words are contained in Defendant's brief in support of motion for summary judgment.

Respectfully submitted,

s/Joel M. Wolff
John G. Dean
Joel M. Wolff
**ELLIOTT GREENLEAF & DEAN**
201 Penn Avenue, Suite 202
Scranton, PA  18503

Attorneys for Defendant
County of Luzerne

DATED:  February 29, 2012

## <u>CERTIFICATE OF SERVICE</u>

I, JOEL M. WOLFF, hereby certify that I have caused to be served this day a true and correct copy of the County Defendants' brief in support of its motion to dismiss <u>via</u> electronic case filing and United States First Class Mail addressed as follows:

> Carl J. Poveromo, Esquire
> Rinaldi & Poveromo
> P.O. Box 826
> Scranton, PA 18501
>
> Donald G. Karpowich
> Donald G. Karpowich, Attorney-at-Law, P.C.
> 85 Drasher Road
> Drums, PA 18222
>
> Kevin Martin Walsh , Jr.
> Attorney-at-Law
> 85 Drasher Road
> Drums, PA 18222
>
> Sean W. Logsdon
> 85 Drasher Road
> Drums, PA 18222
>
> Robert S. Tintner
> Beth L. Weisser
> Fox Rothschild LLP
> 2000 Market Street
> 10th Floor
> Philadelphia, PA 19103

s/Joel M. Wolff _____<br>
Joel M. Wolff

DATED:  February 29, 2012