IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____ )
                                 )
WILLIAM BRACE,                   )
                                 )
    Plaintiff,            )   Civil Action No. 3:11-cv-02101 - ARC
                                 )
    v.                    )
                                 )
LUZERNE COUNTY et al.,           )
                                 )
    Defendants.           )
_____ )


**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS
OF DEFENDANTS COUNTY OF LUZERNE, MARYANNE C. PETRILLA,
THOMAS J. COONEY, STEPHEN A. URBAN, WALTER L.
GRIFFITH JR., AND MICHAEL A. MORREALE**

**Carl J. Poveromo, Esquire**
**Attorney I.D. No. 44713**
**Rinaldi & Poveromo, P.C.**
**520 Spruce Street**
**Post Office Box 826**
**Scranton, PA  18501**
**Telephone:  (570) 346-7441**
**Facsimile:  (570) 346-8170**
**E-Mail:  cjp@lawinpa.com**

**Attorney for Plaintiff**

# TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS.................................................................. iii

I.     INTRODUCTION .........................................................1

II.    STATEMENT OF FACTS ...........................................2

III.   ARGUMENT

      A.    STANDARD FOR MOTION TO DISMISS ........................................3

      B.    THE PENNSYLVANIA PUBLIC EMPLOYEE PENSION FORFEITURE ACT, 43 P.S. § 1312, DOES NOT MANDATE THE FORFEITURE OF PLAINTIFF'S RETIREMENT BENEFITS ..................................................4

      C.    DEFENDANTS HAVE IMPAIRED PLAINTIFF'S CONTRACT..................................................10

      D.    DEFENDANTS VIOLATED PLAINTIFF'S RIGHTS TO DUE PROCESS..................................................11

      E.    DEFENDANTS VIOLATED PLAINTIFF'S RIGHT TO EQUAL PROTECTION..................................................17

      F.    DEFENDANTS BREACHED A CONTRACT WITH PLAINTIFF ..................................................21

      G.    PROMISSORY ESTOPPEL PRECLUDES TERMINATION OF PLAINTIFF'S PENSION ................................22

      H.    THE COUNTY DEFENDANTS ENGAGED IN WILLFUL MISCONDUCT ..................................................23

      I.    MANDAMUS RELIEF IS APPROPRIATE ........................................24

**TABLE OF CONTENTS (CONT'D)**

J.    THE INDIVIDUAL DEFENDANTS HAVE NO QUALIFIED IMMUNITY .................................................................26

K.    PUNITIVE DAMAGES ARE AVAILABLE AGAINST THE INDIVIDUAL DEFENDANTS .................................................28

IV.    CONCLUSION.............................................................................30

CERTIFICATE OF SERVICE

# TABLE OF CITATIONS

**Cases**                                                           **Page**

*Alderson v. State*, 273 S.W.3d 533 (Mo. 2009) .................................................... 19

*Alexander v. Riga*, 208 F.3d 419 (3d Cir. 2000) ................................................... 28

*Am. Fed'n of State, County & Mun. Employees, AFL-CIO
ex rel. Keller v. Commonwealth*, 77 Pa. Commw. 37,
465 A.2d 62 (1983) ............................................................................. 10

*Andrews v. City of Phila.*, 895 F.2d 1469 (3d Cir. 1990) ....................................... 27

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ......................................... 3

*Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69 (3d
Cir. 2011) ........................................................................................... 3

*Barley v. Luzerne County Bd. of Elections*, 937 F. Supp. 362
(M.D. Pa. 1995) ................................................................................. 29

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................... 3

*Bellomini v. State Employees' Ret. Bd.*, 498 Pa. 204,
445 A.2d 737 (1982) ......................................................................... 11

*Berliner v. Bee Em Mfg. Co.*, 383 Pa. 458, 119 A.2d 65 (1956) ............................. 22

*Borough of Jim Thorpe v. Jim Thorpe Borough Police Dep't*, 682
A.2d 73 (Pa. Commw. Ct. 1996) ..................................................... 13

*Bowman v. Burroughs*, Civ. Act. No. 07-185, 2008 WL 5427910
(W.D. Pa. Dec. 30, 2008) .................................................................. 16

*Burch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011) .................................... 3

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) .................................. 28

# TABLE OF CITATIONS (CONT'D)

**Cases**                                                                                         **Page**

*Cherillo v. Retirement Board of Allegheny,*
796 A.2d 420 (Pa. Commw. Ct. 2002)................................................13

*Clark v. Conahan*, 737 F. Supp. 2d 239 (M.D. Pa. 2010)......................29

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)..................16

*Commonwealth v. Abraham*, 2010 PA Super 104, 996 A.2d
1090 ..................................................................................................4

*Commonwealth v. DeAngelo*, 401 Pa. Super. 409, 585 A.2d
525 (1991)........................................................................................8

*Commonwealth v. Garzone*, ___ Pa. ___, 34 A.3d 67 (2012)..................5

*Commonwealth v. Parner*, 448 Pa. Super. 470, 672 A.2d 314
(1966)...............................................................................................8

*DiBartolo v. City of Phila.*, 159 F. Supp. 2d 795 (E.D. Pa.
2001) ...............................................................................................24

*Dombrowski v. City of Phila.*, 431 Pa. 199, 245 A.2d 238
(1968)...............................................................................................11

*Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008) ...........17, 18, 19, 20

*Ferrone v. Onorato*, 439 F. Supp. 2d 442 (W.D. Pa. 2006)...................23

*Ginaitt v. Haronian*, 806 F. Supp. 311 (D.R.I. 1992) .................12, 26, 29

*Gioffre v. Phila. Bd. of Pensions & Ret.*, No. CIV. A. 97-5433,
1999 WL 239410 (E.D. Pa. Mar. 31, 1999)...........................15, 16

*Gorton v. Commonwealth, Civ. Serv. Comm'n*, 35 Pa. Commw.
319, 385 A.2d 1026 (1978) ..........................................................25

# TABLE OF CITATIONS (CONT'D)

**Cases**                                                                 **Page**

*Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006)......................20

*Homan v. Mackey*, 295 Pa. 82, 144 A. 897 (1929) ..........................25

*Horsley v. Phila. Bd. of Pensions & Ret.*, 97 Pa. Commw. 558,
    510 A.2d 841 (1986) ....................................................................14, 15

*Jackson v. Roslyn Bd. of Educ.*, 596 F. Supp. 2d 581 (E.D.N.Y.
    2009) ...........................................................................................19, 20

*Kapell v. Inc. Vill. of Greenport*, 63 A.D.3d 940, 881 N.Y.S.2d
    469 (2d Dep't 2009) ......................................................................18

*Kegolis v. Borough of Shenandoah*, Civ. Act. No.3:03-CV-
    0602- ARC (M.D. Pa. Oct. 9, 2004) ............................................26

*Kegolis v. Borough of Shenandoah*, No. 3:03-CV-0602-ARC,
    2006 WL 3814311 (M.D. Pa. Dec. 27, 2006) ..............................13

*Kuzel v. Krause*, 658 A.2d 856 (Pa. Commw. Ct. 1995) ........................23

*Larsen v. Senate of Pa.*, 154 F.3d 82 (3d Cir. 1998)......................26, 27

*Luzerne County Ret, Bd. v. Seacrist*, 988 A.2d 785 (Pa. Commw.
    Ct. 2010) ......................................................................................21

*Mabey Bridge & Shore, Inc. v. Schoch*, 666 F.3d 862 (3d Cir.
    2012) .............................................................................................11

*Mazzo v. Phila. Bd. of Pensions & Ret,*, 531 Pa. 78, 611 A.2d
    193 (1992).......................................................................................4

*Olsen v. State Employes' Retirement Bd.*, 688 A.2d 255 (Pa.
    Commw. Ct. 1997)..........................................................................13

*Otter v. Cortes*, 602 Pa. 516, 980 A.2d 1283 (2009) ..............................24

**Cases**                                                                                    **Page**

*Phillis v. Harrisburg Sch. Dist.*, Civ. Act. No. 1:07-cv-1728,
    2010 WL 1390663 (M.D. Pa. Mar. 31, 2010) ................................18

*Price v. Pa. Prop. & Cas. Ins. Co. Ass'n*, 158 F. Supp. 2d 547
    (E.D. Pa. 2001) ..........................................................................10

*Roche v. State Employes' Ret. Bd.*, 731 A.2d 640 (Pa. Commw.
    Ct. 1999) ..................................................................................8, 9

*Santana v. Cook County Bd. of Review*, 700 F. Supp. 2d 1023
    (N.D. Ill. 2010) ............................................................................28

*Scavone v. Pa. State Police*, Civ. Act. No. 3:09-CV-1623,
    2011 WL 6100621 (M.D. Pa. Dec. 7, 2011)................................18

*Schimes v. Barrett*, 427 F. App'x 138 (3d Cir. 2011), *aff'g*
    No. 3:07cv872, 2010 WL 1330179 (M.D. Pa. Mar. 30,
    2010) ....................................................................................12, 13

*Smith v. Wade*, 461 U.S. 30 (1983) ........................................................28

*Strickland v. Mahoning Twp.*, 647 F. Supp. 2d 422 (M.D.
    Pa. 2009) ......................................................................................28

*Stuart v. Flynn*, 380 F. Supp. 424 (W.D. Pa. 1974) ..............................14

*Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184 (2002) .......................9

*United States v. Kemp*, 500 F.3d 257 (3d Cir. 2007) ...............................8

*United States v. Long*, 654 F.2d 911 (3d Cir. 1981) ................................4

*United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398
    (1999)..............................................................................................7

**TABLE OF CITATIONS (CONT'D)**

**Cases**                                                           **Page**

*United States v. Wright*, 665 F.3d 560 (3d Cir. 2012)................................8

*Wright v. Allegheny County Ret. Bd.*, 390 Pa. 75, 134 A.2d
     231 (1957)................................................................................10

*Zaloga v. Provident Life & Accid. Ins. Co. of Am.*, 671 F. Supp. 2d
     623 (M.D. Pa. 2009) ..........................................................3

**Statutes**

18 Pa.C.S. § 4701 ................................................................2, 5, 6, 7 passim

42 Pa.C.S. § 8303 .................................................................................25

42 Pa.C.S. § 8550 .................................................................................23

43 P.S. § 1312 .................................................................1, 2, 4, 5 passim

43 P.S. § 1313 .......................................................................................2

18 U.S.C. § 666 ............................................................2, 6, 7, 17 passim

42 U.S.C. § 1983 .................................................................14, 19, 26, 28

Fed. R. App. P. 32.1 .............................................................................12

Fed. R. Civ. P. 12 ...............................................................................1, 3

3d Cir. Internal Operating Proc. 5.7 ....................................................12

# I.  INTRODUCTION

Plaintiff William Brace, by his undersigned counsel, hereby submits this brief in opposition to the Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants County of Luzerne, Maryanne C. Petrilla, Thomas J. Cooney, Stephen A. Urban, Walter L. Griffith Jr., and Michael A. Morreale.

The conduct to which Brace pleaded guilty according to a federal statute is not the  scenario envisioned by the legislators who enacted the Pennsylvania Public Employee Pension Forfeiture Act ("PEPFA"), 43 P.S. § 1312.  It is not enough to warrant forfeiture of Brace's pension that he engaged in conduct that fell short of the general standard of behavior expected from public officials, or that Brace's conduct was not in keeping with the sentiment that may underlie PEPFA.

On the contrary, the legislature was much more specific in setting forth what crimes would warrant forfeiture, and, by extension, what crimes would not.  As is discussed *infra*, since the federal crime to which Brace pled guilty is not substantially the same as the state crime of bribery, as is contended by the Defendants, the Defendants erred as a matter of law in depriving Brace of the pension benefits he had begun to receive.

The Defendants erroneously have described a very carefully and specifically drawn statute, PEPFA, as if it is instead an open-ended grant of authority to cause the forfeiture of a pension whenever there is criminal behavior and a guilty plea by a

public official. This ignores the very specific descriptions in PEPFA as to what crime or crimes may warrant forfeiture.

## II.  STATEMENT OF FACTS

Brace does not contest the Defendants' general summary of the facts of this case.

On January 6, 2010, Brace pleaded guilty to the federal crime of Corrupt Receipt of a Reward for Official Action Concerning Programs Receiving Federal Funds, pursuant to 18 U.S.C. § 666(a)(1)(B). The Luzerne County Retirement Board terminated Brace's retirement benefits after concluding that the federal crime to which Brace pled guilty is the same as one or more of the state law crimes enumerated in PEPFA, 43 P.S. § 1312. More specifically, the Defendants have taken the position that termination of Brace's pension was warranted under section 1313, because Brace's federal crime is "substantially the same" as the crime of Bribery in Official and Political Matters, 18 Pa.C.S. § 4701.

Although the critical fact goes unmentioned by the Defendants, at no time before terminating Brace's pension benefits did the Defendants give Brace any hearing, or any other opportunity, formal or informal, to be heard on the matter. (Compl. 7-9.)

# III.  ARGUMENT

## A.    STANDARD FOR MOTION TO DISMISS.

A complaint may not be dismissed for failure to state a claim merely because it appears unlikely that the plaintiff can prove alleged facts or will ultimately prevail on the merits. *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69 (3d Cir. 2011).  The issue on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.  *Zaloga v. Provident Life & Accid. Ins. Co. of Am.*, 671 F. Supp. 2d 623 (M.D. Pa. 2009).

The allegations in the complaint must meet a standard of "plausibility."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that [plaintiff is entitled to relief]."  *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011).  Plausibility "is not akin to a probability requirement"; rather, plausibility requires "more than a sheer possibility."  *Ashcroft*, 556 U.S. at ___, 129 S. Ct. at 1949.  Brace submits that in this case his Complaint easily crosses this "plausibility" threshold as to all of his causes of action and, therefore, that the Defendants' Rule 12(b)(6) Motion must be denied.

**B. THE PENNSYLVANIA PUBLIC EMPLOYEE PENSION FORFEITURE ACT, 43 P.S. § 1312, DOES NOT MANDATE THE FORFEITURE OF PLAINTIFF'S RETIREMENT BENEFITS.**

The Supreme Court of Pennsylvania made some highly relevant observations about PEPFA. In *Mazzo v. Philadelphia Board of Pensions & Retirement*, 531 Pa. 78, 611 A.2d 193 (1992), the court stated that, in enacting PEPFA, the legislature

> regarded pensions as important property interests that deserve a certain measure of protection. Indeed, it has long been recognized in this Commonwealth that pensions for public employees are not mere gratuities provided by the employer, but rather are deferred compensation for services rendered in the past. *See Commonwealth ex rel. Zimmerman v. Officers and Employees Retirement Bd.*, 503 Pa. 219, 222, 469 A.2d 141, 142 (1983) (plurality opinion compiling cases).

*Id.* at 84, 611 A.2d at 196. The court in *Mazzo* also emphasized that

> *PEPFA invokes only very narrow and clearly defined grounds for forfeiture, thus reflecting the tenor of our law which disfavors provisions broadly imposing forfeiture. See generally Fisher Estate*, 442 Pa. 421, 424, 276 A.2d 516, 518-19 (1971) ("[F]orfeitures are not favored in the law and are to be strictly construed.")[.]

*Id.* at 84-85, 611 A.2d at 196-97 (emphasis added); *see also United States v. Long*, 654 F.2d 911 (3d Cir. 1981) ("rule of lenity" for construing penal laws applies not only to substantive ambit of criminal prohibitions but also to penalties they impose, including forfeiture provisions).

In *Commonwealth v. Abraham*, 2010 PA Super 104, 996 A.2d 1090, the court ruled that forfeiture of the defendant's pension under PEPFA, as a consequence of pleading guilty to indecent assault, was punitive in nature and intimately connected to

the criminal process. As a punitive or penal statute, PEPFA comes within the well-settled principle that where an ambiguity is found in the language of a penal statute, such language should be interpreted in the light most favorable to the accused. *Commonwealth v. Garzone*, ___ Pa. ___, 34 A.3d 67 (2012). In the instant case, this means that the federal and state statutes at issue here, including the ambiguous "substantially the same" language in section 1312, must be interpreted in the light most favorable to Brace.

The Defendants acted contrary to Pennsylvania law when they terminated Brace's retirement benefits. It is undisputed that the federal crime to which Brace pleaded guilty is not among the crimes set forth in section 1312 as "crimes related to public office or public employment." Instead, the Defendants must rely on the provision in section 1312 stating that "[i]n addition to the foregoing specific crimes, the term also includes all criminal offenses as set forth in Federal law *substantially the same* as the crimes enumerated herein." 43 P.S. § 1312 (emphasis added). The Defendants' contention rests entirely on the erroneous premise that termination of Brace's pension was justified because his federal crime is "substantially the same" as the crime of bribery in official and political matters, as set forth in Title 18 Pennsylvania Consolidated Statutes section 4701.

The two criminal statutes to be compared read as follows:

(a)     Whoever, if the circumstance described in subsection (b) of this section exists—

(b)

> (1)     being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—
>
> . . . .
>
> (B)     corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; or
>
> . . . .

shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 666(a)(1)(B).

(a)     Offenses defined.—A person is guilty of bribery, a felony of the third degree, if he offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another:

> (1)     any pecuniary benefit as consideration for the decision, opinion, recommendation, vote or other exercise of discretion as a public servant, party official or voter by the recipient;
>
> (2)     any benefit as consideration for the decision, vote, recommendation or other exercise of official discretion by the recipient in a judicial, administrative or legislative proceeding; or
>
> (3)     any benefit as consideration for a violation of a known legal duty as public servant or party official.

18 Pa.C.S. § 4701(a).

The federal crime to which Brace pleaded guilty, the formal name of which is "Corrupt Receipt of a Reward for Official Action Concerning Programs Receiving Federal Funds," is not substantially the same as the Pennsylvania bribery statute because of important differences in the statutes concerning the matter of the defendant's intent and the state of mind of the giver and the recipient. The federal crime can be committed simply by receiving a reward or gratuity in connection with government business or a government transaction. By contrast, bribery under the state statute requires that there be a pecuniary benefit "as consideration" for some action by a government official, that is, as part of a quid pro quo or an agreement in which pecuniary benefit is given in exchange for a desired official action. No such agreement, nor any resulting official action, was part of the facts which led to Brace's guilty plea, so that he has not been adjudicated of any crime that is "substantially the same" as bribery in section 4701(a).

This distinction has support in a closely analogous decision by the U.S. Supreme Court. In *United States v. Sun-Diamond Growers of California*, 526 U.S. 398 (1999), the Court stated that to convict under the federal bribery statute (the counterpart to section 4701), there must be a quid pro quo, a specific intent to give or receive something of value in exchange for an official act, while an illegal gratuity under federal law (the counterpart to 18 U.S.C. § 666(a)(1)(B)) may constitute merely a reward for some future act that a public official will take and may already have

determined to take, or for a past act that he has already taken. *Accord United States v. Wright*, 665 F.3d 560, 567-68 (3d Cir. 2012); *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007).

Pennsylvania law also acknowledges a distinction between bribery and illegal gratuities. *See Commonwealth v. DeAngelo*, 401 Pa. Super. 409, 585 A.2d 525 (1991) (receipt of money by supervisor of Philadelphia Bureau of Licenses and Inspections in exchange for his investment "advice" and distribution of public information is insufficient to constitute a violation of section 4701); *see also Commonwealth v. Parner*, 448 Pa. Super. 470, 672 A.2d 314 (1966) (the existence of requisite criminal intent to violate section 4701 distinguishes the crime of bribery from offenses under the State Ethics Act and the State Adverse Interest Act, which prohibits a public official from taking anything of value that might influence official action or judgment).

The distinction between the federal statute under which Brace pled guilty and the state bribery statute goes to the essential elements of the respective crimes. That one or more differences in the elements for a crime, or in the burdens of proof, requires the conclusion that the federal and state criminal statutes are not "substantially the same" under section 1312 is demonstrated well by the decision in *Roche v. State Employes' Retirement Board*, 731 A.2d 640 (Pa. Commw. Ct. 1999).

In *Roche*, the court held that the federal crime of false declarations before a grand jury or court, a crime to which a former state employee pleaded guilty, was not

substantially the same as the state crime of perjury for purposes of PEPFA, which defined the term "crime related to public employment" as including perjury. In order to obtain a conviction under either the Pennsylvania or the federal perjury statute, it must be shown beyond a reasonable doubt that, as an element of the offense, the accused acted willfully. In addition, under either the Pennsylvania or the federal perjury statute, a conviction cannot be based on the uncorroborated testimony of one witness. In contrast, in order to obtain a conviction for the federal crime of false declarations before grand jury or court, it must merely be shown that the accused acted knowingly. In addition, in order to obtain a conviction under this section, there is no burden to prove the offense by any particular number of witnesses or by documentary or other type of evidence. *Id.* at 648.

Just as making false declarations before a court and perjury, though roughly similar in nature, were not "substantially the same" under the exacting scrutiny used in *Roche*, in this case corrupt receipt of a reward and bribery, though having some similarity, are not "substantially the same" crimes for purposes of PEPFA. The Defendants erred, and violated Brace's rights in the process, when they decided otherwise. *See Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 196-97 (2002) ("substantially" suggests "considerable" or "to a large degree").

## C.   DEFENDANTS HAVE IMPAIRED PLAINTIFF'S CONTRACT.

Brace does not contend that PEPFA itself impairs his contract, thus making it irrelevant that the legislation predates his contract with the County.  Rather, Brace's contention is that the erroneous manner in which the Defendants have applied PEPFA to him, only recently, constitutes an unconstitutional impairment of contract by what amounts to a new rule adopted by the Defendants.

There can be no question that Brace's vested retirement benefits constitute a protected contract for purposes of impairment-of-contract analysis.  *See Am. Fed'n of State, County & Mun. Employees, AFL-CIO ex rel. Keller v. Commonwealth*, 77 Pa. Commw. 37, 465 A.2d 62 (1983) (public retirement benefits are constitutionally protected against legislative impairment); *Wright v. Allegheny County Ret. Bd.*, 390 Pa. 75, 134 A.2d 231 (1957) (a public employee has a contract right to continued membership in a retirement fund, under the same rules and regulations prevailing at the time of his employment).

A contract may be impermissibly impaired by means of a "law" that is other than a state statute itself.  *See  Price v. Pa. Prop. & Cas. Ins. Co. Ass'n*, 158 F. Supp. 2d 547 (E.D. Pa. 2001) (acts of state legislation, as perquisite to applicability of contracts clause, include not only statutes, but also bylaws and ordinances of municipal corporations).  Moreover, as the Third Circuit has recently recognized, the Contracts Clause applies to exercises of legislative power, although it is not limited solely to

formal enactments and statutes of a state legislature, and instead reaches every form in which the legislative power of a state is exerted. *Mabey Bridge & Shore, Inc. v. Schoch*, 666 F.3d 862, 874 (3d Cir. 2012). In this case, in interpreting and applying PEPFA so as to impair Brace's contract with the County, the Defendants have exerted the legislative power of the state, making Brace's impairment-of-contract claim viable and not subject to a motion to dismiss.

### D. DEFENDANTS VIOLATED PLAINTIFF'S RIGHTS TO DUE PROCESS.

When an employee has satisfied conditions placed by a retirement system on his right to retirement benefits, his right to benefits becomes vested and a contractual obligation exists, with only the enjoyment thereof postponed. *Dombrowski v. City of Phila.*, 431 Pa. 199, 245 A.2d 238 (1968); *see also Bellomini v. State Employees' Ret. Bd.*, 498 Pa. 204, 445 A.2d 737 (1982) (retirement provisions for public employees constitute deferred compensation for service actually rendered in past; such employees had vested retirement rights; thus, legislature could not constitutionally deny them their benefits retroactively by enacting PEPFA).

For purposes of Brace's substantive and procedural due process claims, his vested pension rights are clearly property interests entitled to due process protections. Regarding substantive due process, the Third Circuit at the very least has recently assumed that pension or retirement benefits are interests that will support a substantive

due process claim in a proper case. In *Schimes v. Barrett*, 427 F. App'x 138 (3d Cir. 2011), *aff'g* No. 3:07cv872, 2010 WL 1330179 (M.D. Pa. Mar. 30, 2010), the court concluded that there was no evidence that a city acted in a way that shocked the conscience in denying a former employee a pension, as required for his substantive due process claim, although the city's position was ultimately incorrect.[1] The Third Circuit in *Schimes* did not expressly address the property interest issue, but there would have been no point or purpose to considering the remaining elements for a substantive due process claim had the court not been proceeding on the threshold premise that a property interest was present. As for the disposition of the merits of the substantive due process claim in *Schimes*, Brace submits that the arbitrary, capricious and discriminatory manner in which the Defendants cut off his pension raises at least a "plausible" substantive due process claim. *See Ginaitt v. Haronian*, 806 F. Supp. 311 (D.R.I. 1992) (retired public employee's substantive due process rights were violated when city officials blatantly disregarded city code by revoking his pension and consciously deviated from the requirements of the code).

This court decided in *Kegolis v. Borough of Shenandoah*, No. 3:03-CV-0602-ARC, 2006 WL 3814311 (M.D. Pa. Dec. 27, 2006), that a pension benefit, whether vested or unvested, is not a property interest entitled to substantive due process protection. Brace respectfully submits that, in the time since *Kegolis* was decided, the

---

1 While the Third Circuit's Internal Operating Procedure 5.7 states that traditionally it does not cite nonprecedential opinions and is not bound by them, Rule 32.1(a)(1) of the Federal Rules of Appellate Procedure states that any unpublished opinion may be cited if it was issued after January 1, 2007.

Third Circuit has indicated in a more on-point decision, *Schimes*, its willingness to find such protection for pension rights, under the right set of circumstances.

Also providing at least strong implicit support for treating a vested pension as a property right for substantive due process purposes is *Borough of Jim Thorpe v. Jim Thorpe Borough Police Department*, 682 A.2d 73 (Pa. Commw. Ct. 1996). There, an amendment to a police pension statute mandating the refund of pension contributions did not violate substantive due process rights but, again, the presence of a protected property right is presumed, or the remaining analysis would have been superfluous. In addition, unlike in *Borough of Jim Thorpe*, where circumstances justified the government's actions, in this case the complete deprivation of Brace's pension, on fatally flawed grounds, constitutes deprivation of his property without substantive due process.

As for procedural due process, there can be no doubt that Brace's vested pension, which he had begun to receive before the Defendants terminated it, is a protected property right, and that Brace was entitled to procedural due process before it could be taken from him by the government. *See Olsen v. State Employes' Ret. Bd.*, 688 A.2d 255 (Pa. Commw. Ct. 1997) (retirement benefits administered by State Employees' Retirement Board are property rights, and hearing and appeal proceedings to determine whether particular claim is meritorious must be conducted in accordance with due process); *Cherillo v. Retirement Board of Allegheny*, 796 A.2d 420 (Pa. Commw. Ct.

2002) (employee had a property right in his disability retirement benefits entitling him to a hearing that comported with the local agency law, including a right to present and cross-examine witnesses, right to full stenographic record and right to an adjudication containing findings of fact).

A federal district court in Pennsylvania has ruled that pension rights which a county employee received after reaching the retirement age of 65, and which were paid for approximately nine years prior to the employee's election as a county jury commissioner, were a vested property right under the law of Pennsylvania and could not be terminated; accordingly, the acts of individual members of a county retirement board in refusing to pay the employee pension benefits which he had accrued over his many years of service in county government constituted a deprivation of the employee's civil rights under color of state law, as well as a denial of due process. *Stuart v. Flynn*, 380 F. Supp. 424 (W.D. Pa. 1974) (judgment for plaintiff under 42 U.S.C. § 1983). The same result should obtain here.

The procedural process that was due in this case included, at a minimum, a pretermination right to be heard in some fashion, as opposed to the precipitous cutting off of Brace's pension without notice or opportunity to be heard in any form or fashion. In *Horsley v. Philadelphia Board of Pensions & Retirement*, 97 Pa. Commw. 558, 510 A.2d 841 (1986), due process guarantees did not mandate a pretermination hearing prior to the decision by a city board of pensions and retirement to terminate pension

benefits of a retired employee, following the employee's plea of guilty to two counts. However, the court's reasoning was such as to make Brace's case readily distinguishable from *Horsley*:

> In applying the United States Supreme Court's interest analysis criteria in *Landon v. Plasencia*, 459 U.S. 21, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982), the trial court weighed the employee's strong interest in maintaining his pension benefits against the risk of erroneous deprivation and, recognizing that the facts were undisputed, concluded that *the risk of erroneous deprivation was negligible.* Additionally, the trial court also recognized the city's interest in protecting its pension system from "unnecessary payments to dishonest or felonious employees to be legitimate and compelling" in correctly determining that due process did not require a pre-termination hearing in this case.

*Id.* at 567, 510 A.2d at 846 (emphasis added). In Brace's case, unlike in *Horsley*, the risk of an erroneous deprivation of vested pension rights, far from being negligible, was in fact likely, and has already occurred because of the Defendants' errors in their interpretation and application of PEPFA. Brace's strong interest in keeping his vested pension, and the high risk of an erroneous deprivation of that pension, mandated that Brace be afforded a predeprivation opportunity to be heard on the propriety and legality of terminating his pension.

The Defendants have cited and discussed at length *Gioffre v. Philadelphia Board of Pensions & Retirement*, No. CIV. A. 97-5433, 1999 WL 239410 (E.D. Pa. Mar. 31, 1999), claiming that it closely resembles the instant case. On the contrary, *Gioffre* is readily distinguishable from this case in important respects. In that case, the employee was arguing over pension benefits he had not yet begun to receive. More importantly,

the employee in *Gioffre* was given multiple opportunities to be heard in various hearings, whereas Brace had not a single such opportunity.

Most importantly, the Defendants stress that in *Gioffre* the court found that no hearing could have altered the fact that, by operation of law, any interest that the employee had in a pension had been extinguished or forfeited. In stark contrast with such circumstances, Brace should have been afforded an opportunity to contest before these Defendants made their erroneous decision that he had pleaded guilty to a federal crime that was "substantially the same" as one of the crimes listed in section 1312. Brace was denied his right and opportunity to have his say on this point before being deprived of his pension.

The Defendants have acknowledged that a valid purpose to be served by a pretermination hearing is to give an employee an opportunity to invoke the discretion of the person or persons responsible for making the termination decision in a situation where the appropriateness or necessity of the termination is subject to dispute. *Bowman v. Burroughs*, Civ. Act. No. 07-185, 2008 WL 5427910, at *8 (W.D. Pa. Dec. 30, 2008) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)). In the instant case, such a pretermination hearing, had it been given to Brace, would have afforded just such an opportunity to question the discretion exercised by the Defendants when they erroneously made the "substantially the same" conclusion

concerning 18 U.S.C. § 666(a)(1)(B) and 18 Pennsylvania Consolidated Statutes section 4701.

### E. DEFENDANTS VIOLATED PLAINTIFF'S RIGHT TO EQUAL PROTECTION.

The primary rationale for the Supreme Court's decision not to recognize a "class of one" equal protection claim asserted by a public employee in *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), was that employment decisions are often "subjective and individualized," and government employment, absent legislation, is at will. As the Court put it, "we have never found the Equal Protection Clause implicated in the specific circumstance where, as here, government employers are alleged to have made an individualized, *subjective* personnel decision in a seemingly arbitrary or irrational manner." *Id.* at 605 (emphasis added).

For example, the plaintiff in *Engquist* was challenging a decision to include her in a layoff, allegedly for vindictive and malicious reasons. The Court's rationale, and the resulting disfavor toward a class-of-one equal protection claim, has no application in the instant case, where there was nothing subjective about the Defendants' obligations toward the Plaintiff. Rather, Brace's rights asserted in this action could better be described as practically ministerial in nature, had the Defendants properly interpreted applicable law. To recognize Brace's equal protection claim as alleged in his Complaint would not cause the result about which the Court in *Engquist* was most

concerned, that is, disturbance of the delicate balance governments have struck between the rights of public employees and the government's legitimate purpose in promoting efficiency and integrity in the discharge of official duties, and in maintaining proper discipline in the public service. *Id.* at 607.

In contrast with the instant case, in *Scavone v. Pennsylvania State Police*, Civ. Act. No. 3:09-CV-1623, 2011 WL 6100621 (M.D. Pa. Dec. 7, 2011), cited by the Defendants, the decision challenged by the plaintiff was subjective in nature and did not involve improper application of a state statute, as the employer in that case had declined to hire the plaintiff as a liquor enforcement officer after he refused to have a tattoo removed. *See also Phillis v. Harrisburg Sch. Dist.*, Civ. Act. No. 1:07-cv-1728, 2010 WL 1390663, at \*10 n.7 (M.D. Pa. Mar. 31, 2010) ("[T]he Equal Protection Clause is not implicated in the instant case where HSD is alleged to have made an individualized, *subjective* personnel decision in a seemingly arbitrary or irrational manner." (emphasis added)).

There are additional cases, decided since the *Engquist* decision, in which courts have proceeded to an equal protection analysis of claims concerning pensions or similar employment benefits, but where, as here, there was no subjective decisionmaking involvement by the defendants. *See, e.g.*, *Kapell v. Inc. Vill. of Greenport*, 63 A.D.3d 940, 881 N.Y.S.2d 469 (2d Dep't 2009) (petitioner, a retired mayor of village, sought review of resolution of village's board of trustees, which

rescinded petitioner's entitlement to retirement health insurance benefits, and brought action under § 1983); *Alderson v. State*, 273 S.W.3d 533 (Mo. 2009) (classifications set forth in statutes and rule governing eligibility for membership in the County Employees' Retirement Fund were rationally related to legitimate state interests).

In addition to the reasons discussed above for not applying *Engquist* and its rationale to foreclose Brace's equal protection claim, there is an additional, and distinct, basis for such a finding. *Engquist* should not be used to preclude a class-of-one equal protection claim that is brought against defendants, like the Defendants here, who are effectively acting as administrators of an employee benefits program, rather than as discretionary decisionmakers. *See Jackson v. Roslyn Board of Education*, 596 F. Supp. 2d 581 (E.D.N.Y. 2009). The court's discussion in *Jackson* is instructive for this case:

> The plaintiff seeks to amend his complaint to add an Equal Protection claim as a "class of one," alleging that the defendants arbitrarily and selectively misinterpreted and enforced the Collective Bargaining Agreement and the Empire Plan Regulations in a manner differently from all other retired employees of the District and singled him out for that treatment with the intent to prevent him from receiving his entitled retirement benefits. . . .
>
>     *. . . . The plaintiff contends that the Engquist Court's rationale in protecting discretionary employer assessment does not bar his claim because he is suing the District as administrator and regulator of its health insurance program, not as a discretionary decision maker. Indeed, the Engquist court recognized "the crucial difference . . . between the government exercising 'the power to regulate or license, as lawmaker,' and acting 'as proprietor, to manage [its] internal operations.'" Id.* at 2151, 170 L.Ed.2d at 983 (quoting *Cafeteria & Restaurant Workers v. McElroy*, 367 U.S. 886, 896, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961)).

Although *the Court agrees that the plaintiff would likely be able to maintain an Equal Protection claim against the District in light of the distinctions set forth in Engquist*, the plaintiff still fails to state a viable Equal Protection claim.

*Id.* at 586-87 (emphasis added).

In the instant case, the reasoning in *Jackson*, derived from the clear intent of the Justices in *Engquist*, applies with equal force. Brace may press his equal protection claim against the Defendants, who were and are in the role of administrators of retirement benefits for former County employees. Moreover, unlike in *Jackson*, Brace has alleged, and will be able to show, that similarly situated employees or retirees for the County were treated more favorably than he was, with no rational basis for such preferred treatment.

Assuming that Brace's equal protection claim is treated as a class-of-one claim, he has stated a claim if it is at least plausible that he will be able to show (1) that the Defendants treated him differently from others similarly situated, (2) that the Defendants did so intentionally, and (3) that there was no rational basis for the difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Brace's Complaint has clearly alleged the fact that he has intentionally been treated differently from other County employees who have been convicted of a crime not specifically included in PEPFA, in that concerning other such employees, but not Brace, the Defendants have requested a declaratory judgment from a court of

competent jurisdiction that the employee was disqualified from receiving retirement benefits. *See  Luzerne County Retirement Bd. v. Seacrist*, 988 A.2d 785 (Pa. Commw. Ct. 2010).  (Compl. 14.)  In addition, Brace has alleged, and discovery is expected to confirm, that the Defendants had no rational basis for singling out Brace for different treatment by precipitously terminating his retirement benefits, instead of seeking a declaratory judgment on the applicability of PEPFA, as has been done regarding similarly situated County employees.  (Compl. 14-15.)

## F.    DEFENDANTS BREACHED A CONTRACT WITH PLAINTIFF.

Brace does not dispute the general proposition stated by the Defendants that the contract between him and the County necessarily includes contemporaneous state law, including PEPFA.  However, from this unobjectionable premise the Defendants move to the unsupportable contention that termination of Brace's pension benefits did not constitute a breach of contract because the federal crime to which he pled guilty is "substantially the same" as the state law crime of bribery set forth in section 4701.

As is discussed more fully in Argument B, *supra*, the two crimes are not substantially the same, thereby eliminating the purported justification for termination of Brace's retirement benefits, and leaving only a breach of contract by the Defendants.

## G.  PROMISSORY ESTOPPEL PRECLUDES TERMINATION OF PLAINTIFF'S PENSION.

Brace does not take issue with the Defendants' statement of the requirements for promissory estoppel, as set forth in *Berliner v. Bee Em Manufacturing Co.*, 383 Pa. 458, 119 A.2d 65 (1956).  Those elements, with factual support, have been alleged in Brace's Complaint.  However, the concept of promissory estoppel is not rendered inapplicable here, as the Defendants suggest, merely because Brace has admitted to criminal conduct.  Brace was on notice of PEPFA and its various requirements, but he was not on notice, nor could he reasonably have been on notice,  that PEPFA would be misapplied by the Defendants, as has happened, so as to erroneously and unfairly deprive him of his pension.  Brace has already been punished in full for his federal conviction.  Contrary to the Defendants' assertion, it would be a substantial injustice if Brace were to be deprived of his pension on grounds not authorized by PEPFA or any other basis in Pennsylvania law.

## H.  THE COUNTY DEFENDANTS ENGAGED IN WILLFUL MISCONDUCT.

While the Defendants refer to themselves collectively as "the Defendant" in connection with Brace's tort claim, the individual defendants do not have the immunity from tort liability that is claimed by the County itself.  Count VII of the Complaint clearly alleges that all of the Defendants acted not merely negligently, but also that

they acted willfully, wantonly, and recklessly in depriving Brace of property, in the form of his pension. (Compl. 18.)

The relevant part of the Pennsylvania Political Subdivision Tort Claims Act provides as follows with regard to claims asserted against individual defendants:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa.C.S. § 8550.

To engage in willful misconduct for purposes of the Tort Claims Act, a governmental employee must desire to bring about the result that followed his conduct, or be aware that it was substantially certain to follow. *Kuzel v. Krause*, 658 A.2d 856 (Pa. Commw. Ct. 1995); *see Ferrone v. Onorato*, 439 F. Supp. 2d 442 (W.D. Pa. 2006) (gross, wanton, reckless, and outrageous conduct allegedly engaged in by county officials, if proven, was sufficient to overcome county officials' immunity, under the Tort Claims Act). It is also clear that actions taken by local officials concerning personnel matters can result in individual liability where, as here, such actions can be characterized as willful misconduct. *See DiBartolo v. City of Phila.*, 159 F. Supp. 2d 795 (E.D. Pa. 2001) (allegations that city director of human resources discriminated and retaliated against municipal health department employee, in violation of due

process guarantee of Pennsylvania Constitution, were sufficient to allege that director's conduct was willful, and thus to state claim against director in his individual capacity for constitutional violation).

The tort claim asserted against the individual Defendants is not subject to dismissal, as they have no immunity for the willful misconduct in which they engaged when they terminated Brace's pension.


## I.    MANDAMUS RELIEF IS APPROPRIATE.

As noted by the Defendants, for a writ of mandamus to issue, there must be a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of any other adequate and appropriate remedy at law.  *Otter v. Cortes*, 602 Pa. 516, 980 A.2d 1283 (2009).

The Defendants claim to have had a mandatory, nondiscretionary duty to terminate Brace's pension upon his conviction for a federal crime.  On the contrary, as is discussed more fully in Argument B, *supra*, under the proper reading of PEPFA termination of Brace's pension was not authorized.

Mandamus has been recognized as a fitting remedy in public employment settings analogous to the circumstances here.  *See Gorton v. Commonwealth, Civ. Serv. Comm'n*, 35 Pa. Commw. 319, 385 A.2d 1026 (1978) (remedy available to a grievant should he disagree with the civil service commission, believing that a clear duty is

imposed upon the agency to entertain his grievance, is in mandamus, which action will lie to compel a public official to perform a legally mandated ministerial duty when refusal to act stems from erroneous interpretation of the law); *Homan v. Mackey*, 295 Pa. 82, 144 A. 897 (1929) (mandatory order can be made to compel city pension board to award pension as ministerial matter).

Moreover, "[a] person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal." 42 Pa.C.S. § 8303.

When the Defendants clearly violated Brace's rights by unjustifiably ending his retirement benefits, it became and remains their mandatory duty to remedy the wrong by reinstating his retirement benefits. Mandamus is a proper means for reaching that outcome, requiring denial of the motion to dismiss this claim.

## J.   THE INDIVIDUAL DEFENDANTS HAVE NO QUALIFIED IMMUNITY.

Brace does not dispute the Defendants' summary of the applicable principles when individual governmental defendants assert the defense of qualified immunity from § 1983 liability. Brace does dispute their conclusion that the Defendants here are entitled to such immunity. When the Defendants terminated Brace's retirement benefits, their actions were not objectively reasonable; reasonable officials in the same

situation and circumstances would have known that such action violated not only Brace's rights under state law, but also one or more of his federal constitutional rights, as discussed above. *See Ginaitt*, 806 F. Supp. 311 (city officials who revoked pension in violation of city code knew or should have known that what they were doing did not comport with state or federal law and thus were not entitled to qualified immunity).

As this Court has concluded before, the right of a former employee to procedural due process in connection with the termination of retirement benefits having property interest status is so clearly established that officials alleged and found to have violated that right are not entitled to the defense of qualified immunity. *Kegolis v. Borough of Shenandoah*, Civ. Act. No.3:03-CV-0602-ARC (M.D. Pa. Oct. 4, 2004) (Caputo, J.) (Mem. Denying Defendants' Mot. to Dismiss 11-12).

To the same effect is *Larsen v. Senate of Pennsylvania*, 154 F.3d 82 (3d Cir. 1998). There, officials denying health benefits to a former justice of a state supreme court, who was removed from office, could not claim qualified immunity from a suit by the former justice alleging deprivation of due process rights. It should have been known to the officials that he had a vested property right to the benefits in question:

> Since Larsen was not afforded an opportunity to be heard regarding the propriety of terminating his medical benefits, reasonable officials could not have believed that Larsen received the process he was due in connection with a deprivation of a clearly established property right. Accordingly, appellants are not entitled to qualified immunity with respect to Larsen's due process claim.

*Id.* at 93.

In addition, regarding a claim in *Larsen* that is analogous to Brace's claim that the Defendants terminated his retirement benefits in violation of state law, and PEPFA, in particular, the Third Circuit found that the officials who denied health benefits to the former justice, who was removed from office, on the ground that benefits were available only to retirees under the applicable plan, could not claim qualified immunity from suit; they could not reasonably have believed that the former justice was not covered. *Id.* at 88. In a similar manner, Brace submits that the Defendants could not reasonably have believed that, under PEPFA, Brace had to lose his retirement benefits, given pertinent authorities which should have made it clear to them that Brace's crime under 18 U.S.C. § 666(a)(1)(B) is not "substantially the same" as the state law crime of bribery proscribed in section 4701.

The Defendants also do not enjoy qualified immunity from liability for the violation of Brace's right to equal protection. *See Andrews v. City of Phila.*, 895 F.2d 1469 (3d Cir. 1990) (general right which jury found defendants to have violated, right to be free from discrimination based upon sex in workplace, was well grounded in law and widely known); *Santana v. Cook County Bd. of Review*, 700 F. Supp. 2d 1023, 1033-34 (N.D. Ill. 2010) ("Class-of-one equal protection is a well-established concept, and although *Engquist* limited class-of-one relief in a specific context (public employment), it does not muddy the waters so that a reasonable person could not have anticipated class-of-one liability.").

**K.    PUNITIVE DAMAGES ARE AVAILABLE AGAINST THE INDIVIDUAL DEFENDANTS.**

Under the authority of *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), punitive damages are not available against the County itself under 42 U.S.C. § 1983.

However, a jury may be permitted to assess punitive damages in an action under § 1983 when an individual defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to federally-protected rights of others. *Smith v. Wade*, 461 U.S. 30 (1983); *Strickland v. Mahoning Twp.*, 647 F. Supp. 2d 422 (M.D. Pa. 2009). The standard for punitive damages in a federal civil rights action does not require "outrageousness." *Alexander v. Riga*, 208 F.3d 419 (3d Cir. 2000).

The test for determining whether punitive damages should be awarded for civil rights violations has also been described by this Court as whether the defendants acted with actual knowledge that they were violating a federally protected right, or with reckless disregard for whether they were doing so. *Clark v. Conahan*, 737 F. Supp. 2d 239 (M.D. Pa. 2010); *see Barley v. Luzerne County Bd. of Elections*, 937 F. Supp. 362 (M.D. Pa. 1995).

Contrary to an assertion made by the Defendants, Brace's Complaint has ample factual averments regarding the requisite level of wrongdoing to warrant punitive damages against the individual Defendants. Knowing, willful, wanton, and reckless

conduct by these Defendants has been alleged repeatedly in the Complaint. (Compl. 12, 13, 15, 18.) In addition to using the correct legal terminology to support a punitive damages award, the entire thrust of the Complaint is that the individual Defendants knowingly deprived Brace of his pension with no opportunity for Brace to be heard, and in an arbitrary and discriminatory departure from how it has handled similar situations previously. There is precedent for an award of punitive damages against officials responsible for such violations, and, at the very least, it is not appropriate to dismiss the punitive damages at the pleadings stage. *See Ginaitt*, 806 F. Supp. 311 (former firefighter whose pension was revoked in violation of due process was entitled to punitive damages from each of three members of the board of public safety).

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by the Luzerne County Defendants should be denied.

Dated: March 14, 2012.        Respectfully submitted,

 s/Carl J. Poveromo
Carl J. Poveromo, Esquire
Attorney I.D. No. 44713
Rinaldi & Poveromo, P.C.
520 Spruce Street
Post Office Box 826
Scranton, PA  18501
Telephone:  (570) 346-7441
Facsimile:  (570) 346-8170
E-Mail:  cjp@lawinpa.com

Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing brief via electronic case filing (ECF) and by U.S. mail, postage prepaid, addressed as follows:

Robert S. Tintner, Esquire
Howard Flaxman, Esquire
Beth L. Weisser, Esquire
Fox Rothschild LLP
20th Floor
2000 Market Street
Philadelphia, PA  19103

Attorneys for Defendants Michael A. Morreale,
Walter L. Griffith Jr., Thomas J. Cooney,
Maryanne C. Petrilla, Stephan A. Urban,
Luzerne County Retirement Board, and
Luzerne County Employees' Retirement System

Joel M. Wolff, Esquire
David Z. Lantz, Esquire
Elliott Greenleaf & Dean
Suite 202
201 Penn Avenue
Scranton, PA  18503

Attorneys for Defendant Luzerne County

Donald G. Karpowich, Esquire
Sean W. Logsdon, Esquire
Kevin M. Walsh Jr., Esquire
85 Drasher Road
Drums, PA  18222

Attorneys for Defendant Luzerne County

Dated:  March 14, 2012.          s/Carl J. Poveromo
                                 Carl J. Poveromo, Esquire