# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BRACE, | : |
| Plaintiff, | : Civil Action No. 3:11-cv-02101 - ARC |
| v. | : |
| LUZERNE COUNTY, et al., | : |
| Defendants. | : |

## LUZERNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, LUZERNE COUNTY RETIREMENT BOARD, MARYANNE C. PETRILLA, THOMAS J. COONEY, STEPHEN A. URBAN, WALTER L. GRIFFITH, JR., AND MICHAEL A. MORREALE'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Luzerne County Employees' Retirement System (the "Retirement System"); Luzerne County Retirement Board (the "Retirement Board"); Maryanne C. Petrilla ("Petrilla"), Thomas J. Cooney ("Cooney"), Stephen A. Urban ("Urban"), Walter L. Griffith, Jr. ("Griffith, Jr."), and Michael A. Morreale ("Morreale") (Petrilla, Cooney, Urban, Griffith, Jr. and Morreale are collectively referred to as the "Individual Defendants") (collectively, the "Retirement Board Defendants"), by their undersigned counsel, hereby submit this short reply in further support of their motion to dismiss plaintiff's complaint.

In his brief in opposition to the Retirement Board Defendants' Motion to Dismiss Complaint, plaintiff William Brace ("plaintiff") relies heavily on the argument that the federal crime to which he pled guilty – "theft or bribery concerning programs receiving federal funds" (18 U.S.C. § 666) – is not "substantially the same" as "bribery in official and political matters" (18 Pa.C.S.A. § 4701), which is one of the enumerated offenses mandating forfeiture of a pension under the Pennsylvania Public Employee Pension Forfeiture Act, 43 P.S. § 1312. Plaintiff's analysis, and subsequent conclusion that these two statutes are not "substantially the same" is simply incorrect.

First, plaintiff argues that these two statutes are not substantially the same "because of the important differences in the statutes concerning the matter of the defendant's intent and the state of mind of the giver and the recipient." Plaintiff's Brief in Opposition at p. 7. Plaintiff goes on to state that the federal crime to which he pled guilty "can be committed simply by receiving a reward or gratuity in connection with government business or a government transaction" and, in contrast to that, the state bribery statute "requires that there be a pecuniary benefit 'as consideration' for some action by a government official, that is, as part of a quid pro quo or an agreement in which the pecuniary benefit is given in exchange for a desired official action." *Id.* at pp. 7-8. Plaintiff's conclusion ignores the plain language of the federal statute. In fact, the same "quid pro quo" sentiment is

captured in the federal bribery statute as in the Pennsylvania statute. Specifically, 18 U.S.C. § 666 states the following (in pertinent part):

> (a) Whoever, if the circumstances described in subsection (b) of this section exist –
>
>> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof –
>>
>>> (B) corruptly solicits or demands *for the benefit or any person*, or accepts or agrees to accept, anything of value from any person, *intending to be influenced or rewarded in connection with any business, transaction, or series of transactions* of such organization, government, or agency involving any thing of value of $5,000 or more; or ....
>>
>> shall be fined under this title, imprisoned not more than 10 years, or both. (emphasis added).

The italicized portion of the statute above shows that one commits the federal crime of bribery when they solicit or demand anything of value *for the benefit of any person* or when they accept or agree to accept anything of value *intending to be influenced or rewarded in connection with any business transaction*. This statute may not use the words "as consideration" for some action by a government official, but the intent is certainly the same.

Second, plaintiff's argument misses, or ignores, the fact that the PEPFA does not require a federal statute to be identical to the enumerated state offenses. 43 P.S.§ 1312 states: "[i]n addition to the foregoing specific crimes, the term also includes all criminal offenses as set forth in Federal law **substantially the same** as

- 3 -

the crimes enumerated herein." (emphasis added). Here, "bribery" appears in the title of both statutes, and they are obviously intended to address the same criminal behavior.

Courts frequently find non-identical statutes to be "substantially the same," even if they differ in certain important respects. *See, e.g., Commonwealth v. Ward*, 856 A.2d 1273, 1277-1278 (Pa. Super. 2004). In *Ward*, the defendant argued that a New York robbery statute was not substantially equivalent to Pennsylvania's robbery statute because the NY statute did not require proof of any harm resulting from the use of a dangerous weapon. *Id.* The Pennsylvania Superior Court disagreed, stating that the threat of serious bodily injury was implicit in the New York offense. *Id.* The court analyzed the issue as follows:

> [A] review of the statutes reveal that both offenses prohibit the same conduct, *i.e.*, employing intimidation through threat of bodily harm to facilitate a theft, and both statutes advance the public's interest in protecting citizens from serious injury or the threat thereof. Hence, the crimes also are equivalent in nature and purpose. *Id.*

The *Ward* court noted that the offenses do not identically have to mirror each other but had to be substantially equivalent to invoke Pennsylvania's "three strikes" law. As in *Ward*, both the Pennsylvania and federal bribery statutes prohibit the same conduct: public officials soliciting, demanding, or accepting anything of value or a pecuniary benefit that is offered or conferred for the purposes of influencing that person in their official capacity and, therefore, are "substantially the same" for
- 4 -
PH1 3100443v1 03/28/12

purposes of the PEPFA. *See also Commonwealth v. Taylor*, 831 A.2d 661 (Pa. Super. 2003) (finding that defendant's prior federal conviction for armed robbery was an equivalent offense to Pennsylvania crimes of robbery and theft because they had elements in common and the conduct prohibited by both statutes was the same); *Kulp v. Commonwealth of Penn., Dep't. of Transp.*, 795 A.2d 471 (Pa. Cmwlth. 2002) (finding that Pennsylvania DUI statute and New Jersey DWI statute were "substantially similar" to Drivers License Compact, even though applied differently). Clearly, there is sufficient overlap between the elements of the state and federal bribery statutes, and the conduct they are intended to prohibit, to support the Retirement Board's decision to terminate plaintiff's benefits after his guilty plea.

For all of the foregoing reasons, and those stated in their original Motion to Dismiss, the Retirement Board Defendants respectfully request that this Court grant their motion and dismiss plaintiff's Complaint in its entirety.

Respectfully submitted,

*/s/ Robert S. Tintner*
Robert S. Tintner, Esquire, ID No. 73865
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Phone: 215.299.2000
Facsimile: 215.299.2150

- 5 -
PHI 3100443v1 03/28/12

Of Counsel:

Howard Flaxman, Esquire
Beth L. Weisser, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Phone: 215.299.2000
Fax: 215.299.2150

*Pro hac vice motions to be filed.*

*Attorneys for Defendants,
Michael A. Morreale, Walter L. Griffith, Jr.,
Thomas J. Cooney, Maryanne C. Petrilla,
Stephan A. Urban, Luzerne County
Retirement Board, and Luzerne County
Employees' Retirement System*

Dated:   March 28, 2012

# CERTIFICATE OF SERVICE

I, Beth L. Weisser, hereby certify that I served a true and correct copy of the foregoing Reply in Further Support of Motion to Dismiss Plaintiff's Complaint via ECF and U.S. first class mail, addressed as follows:

| | |
|---|---|
| Carl Poveromo, Esquire<br>Rinaldi & Poveromo, P.C.<br>520 Spruce Street<br>P.O. Box 826<br>Scranton, PA 18501<br><br>*Attorney for Plaintiff* | Donald G. Karpowich, Esquire<br>Sean W. Logsdon, Esquire<br>Kevin M. Walsh, Jr., Esquire<br>85 Drasher Road<br>Drums, PA 18222<br><br>*Attorneys for Defendant, Luzerne County* |

Joel M. Wolff, Esquire
David Z. Lantz, Esquire
Elliott Greenleaf & Dean
201 Penn Avenue, Suite 202
Scranton, PA 18503

*Attorneys for Defendant, Luzerne County*

/s/ Beth L. Weisser
Beth L. Weisser

Dated: March 28, 2012