IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BRACE, | |
| Plaintiff, | CIVIL ACTION – LAW |
| v. | |
| COUNTY OF LUZERNE, LUZERNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, LUZERNE COUNTY RETIREMENT BOARD, MARYANNE C. PETRILLA, CHAIRMAN/TRUSTEE, THOMAS J. COONEY, TRUSTEE, STEPHEN A. URBAN, TRUSTEE, WALTER L. GRIFFITH, JR., TRUSTEE, MICHAEL A. MORREALE, TRUSTEE, | THE HONORABLE A. RICHARD CAPUTO |
| Defendants. | NO. 3:11-cv-02101 |

**DEFENDANTS COUNTY OF LUZERNE, MARYANNE C. PETRILLA, THOMAS J. COONEY, MICHAEL MORREALE, STEPHEN A. URBAN, AND WALTER L. GRIFFITH, JR.'S REPLY BRIEF IN SUPPORT OF <u>THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendants County of Luzerne (the "County"), Maryanne C. Petrilla, Thomas J. Cooney, Michael Morreale, Stephen A. Urban and Walter L. Griffith, Jr., in their individual and official capacities as officers of the County (collectively, the "County Defendants"), respectfully submit this reply brief in support of their motion to dismiss the complaint filed by Plaintiff William Brace ("Plaintiff").

I. **ARGUMENT**

   A. **THE PENNSYLVANIA PUBLIC EMPLOYEE PENSION FORFEITURE ACT MANDATES FORFEITURE OF PLAINTIFF'S RETIREMENT BENEFITS.**

The Pennsylvania Public Employee Pension Forfeiture Act (the "Act"), 43 P.S. §1312, mandates that an employee's retirement benefits are forfeited immediately upon conviction or guilty plea for an enumerated list of offenses as well as those federal offenses which are "substantially the same." 43 P.S. §1312. Plaintiff admits that on November 12, 2009, he entered a plea of guilty to a violation of 18 U.S.C. §666(a)(1)(B). (Doc. 1 at ¶15). However, Plaintiff avers that 18 U.S.C. §666, "Theft or bribery concerning programs receiving Federal funds," is not "substantially the same" as 18 Pa.C.S. §4701, "Bribery in official and political matters." (Doc. 1 at ¶ 22). The crux of Plaintiff's argument is that the "intent and state of mind of the giver and the recipient" are distinctly different with respect to 18 U.S.C. §666 and 18 Pa.C.S. §4701 such that the two are not substantially similar. (Doc. 31 at p. 7). Specifically, he argues that 18 Pa.C.S. §4701 is not a counterpart of §666, but rather of the federal bribery statute, 18 U.S.C. §201. (Id.) However, such argument is without merit as §666 is itself substantially similar to §201 and contains the same elements of the federal bribery statute. See United States v. Ganim, 510 F.3d 134, 150 (2d Cir. 2007)(J. Sotomayor)("We have interpreted § 666 to impose criminal liability for both kinds

2

of crime proscribed by § 201").

Congress enacted §666 as part of the Comprehensive Crime Bill of 1984. United States v. Cicco, 938 F.2d 441, 444 (3d Cir. 1991). The provision was designed to "enlarge and clarify the class of persons subject to the federal bribery laws... [as the] primary statute then in effect, 18 U.S.C. §201, applied only to cases involving the bribery of a federal public official." Id. at 445. Specifically, Congress enacted this provision in response to United States v. Loschiavo, 531 F.2d 659 (2d Cir. 1976), wherein a conviction of bribery was reversed because the defendant, though receiving 80% of his salary from the federal government, was not a federal public official. Id. Given the plain language of these statutes, compare 18 P.S. §4701 with 18 U.S.C. §666, the legislative history of §666, see Cicco, 938 F.2d at 444, and the interpretation of the Courts holding that §666 imposes liability for conduct proscribed in §201, see Ganim, 510 F.3d at 150, there is no merit to the argument that these crimes are not substantially similar, therefore mandating forfeiture of Plaintiff's pension benefits.

### B. AN ENFORCEMENT DECISION BY A BOARD EXERCISING EXECUTIVE FUNCTION IS NOT LEGISLATIVE ACTION AND CANNOT IMPAIR A CONTRACT PER ARTICLE 1 SECTION 10.

Plaintiff claims that Section 1312 of the Pennsylvania Public Employee Pension Forfeiture Statute violates Article 1, Section 10 of the United States Constitution. (Doc. 1, p. 10). Specifically, he avers that the manner with which

3

the Board interpreted the Act constitutes legislative action of a nature capable of impairing a contract in violation of Article 1, Section 10. (Doc. 31, pp. 10-11). However, the cases offered by Plaintiff to support his assertion are inapplicable here as the retirement board was not acting in a legislative capacity. As was discussed in Strain v. Borough of Sharpsburg, No. 04-1581, 2006 U.S. Dist. LEXIS 55618, **5-8 (W.D. Pa. June 28, 2006), an impairment of contract claim must be based on "a change in a law, bylaw, ordinance, regulation or any other arguably legislative product or process." An action of a retirement board falls under the auspices of the executive branch, and its actions in enforcing the Act are not legislative in nature. Accord Hargest v. State Employees' Retirement Board, 79 Pa. D. & C. 549, 558 (Dauphin 1951)(noting that state retirement board is designated by legislature to administer act). As the Board's decisions are not in the nature of statutes, ordinances, or other legislative acts, an impairment of contract action cannot be brought by Plaintiff and Count I of the Complaint must be dismissed.

### C. PLAINTIFF WAS PROVIDED ALL PROCESS DUE TO HIM BEFORE TERMINATION OF HIS PENSION.

Plaintiff asserts that Schimes v. Barrett stands for the proposition that denial of pension or retirement benefits can support a substantive due process claim. (Doc. 31 at pp. 11-12). However in reviewing Schimes, nothing, not even dicta, provides any support for Plaintiff's conclusion in that regard. See Schimes, 427 F.

4

App'x 138, 141-42 (3d Cir. 2011). The Third Circuit proceeds immediately into a shocks the conscious analysis and, finding the plaintiff wanting, upholds dismissal of the claim without ever discussing whether such claim could give rise to a substantive due process claim. Id. Moreover, Plaintiff acknowledges that this Court has already held that a vested pension benefit cannot give rise to a substantive due process claim. (Doc. 31 at p. 12)(citing Kegolis v. Borough of Shenandoah, No. 3:03-CV-0602-ARC, 2006 WL 3814311 (M.D. Pa. Dec. 27, 2006). As such, it is clear that Plaintiff's substantive due process claim cannot survive the motion to dismiss of the County Defendants.

Plaintiff's arguments with regard to procedural due process are similarly unavailing as none of the cases offered by Plaintiff finding a due process violation involved a termination pursuant to statute upon entry of a guilty plea. (Doc. 31 at pp. 21-22, citing Olsen v. State Employees' Ret. Bd., 688 A.2d 255 (Pa. Commw. Ct. 1997)(applicable statute did not provide for credit for service while on a leave of absence to study under a federal grant); Cherillo v. Retirement Board of Allegheny, 796 A.2d 420 (Pa. Commw. Ct. 2002)(Retiree entitled to due process hearing upon discontinuance of disability retirement benefits after physical examination); Stuart v. Flynn, 380 F. Supp. 424 (W.D. Pa. 1974)(Employee's retirement benefits were suspended after he was elected as a county jury commissioner).

5

The one case offered by Plaintiff that involved a guilty plea, <u>Horsley v. Philadelphia Board of Pensions & Retirement</u>, 97 Pa. Commw. 558, 510 A.2d 841 (1996) found that due process guarantees did not mandate a pre-termination hearing prior to the decision by a city board of pensions and retirement to terminate pension benefits of a retired employee, following the employee's plea of guilty to two courts. Plaintiff attempts to distinguish <u>Horsley</u> by arguing the risk of an erroneous deprivation of vested pension rights was likely. However, as Plaintiff himself points out, the Court in <u>Horsley</u> noted:

> "[T]he city's interest in protecting its pension system from 'unnecessary payments to dishonest or felonious employees to be legitimate and compelling' in correctly determining that due process did not require a pre-termination hearing in this case."

Similarly, Plaintiff attempts to distinguish <u>Gioffre v. Philadelphia Board of Pensions & Retirement</u>, No. CIV. A. 97-5433, 1999 WL 239410 (E.D. Pa. March 31, 1999) by arguing he should have been afforded an opportunity to contest Defendant's decision. (Doc. 31 at p. 24). However, as the Court in <u>Gioffre</u> found, no hearing could have altered the fact that by operation of law, any interest that Plaintiff may have had in a pension had been forfeited. <u>Gioffre</u>, 1999 U.S. Dist. LEXIS 4336 at *10.

As set forth in the County Defendant's original brief, Plaintiff's benefits were terminated pursuant to statute upon entry of his guilty plea. <u>See</u> 43 P.S. §§

6

1312-1313. As such, the Board had no discretion with respect to those benefits. Id. Moreover, as set forth by the Third Circuit in Graham v. City of Philadelphia, 402 F.3d 139, 144 (3d Cir. 2005), a plaintiff's due process pursuant to a preceding criminal action satisfies due process. There, the Third Circuit held that, while a plaintiff has a genuine and weighty interest in a hearing, a "criminal trial with its stringent procedural safeguards and difficult burden of proof afforded plaintiff more 'process' than he ever could have expected to receive at an administrative hearing under the Mathews standard," thereby significantly reducing the prospect that he would be erroneously deprived of that interest. Id. at 146. Moreover, the government's interest in "conserving public resources" and preserving its ability to make personnel decisions were held to outweigh any need for process beyond the criminal procedures afforded the plaintiff. Id.

Applying Graham and Matthews to this case, Plaintiff was provided the opportunity to avail himself of the full procedural safeguards guaranteed to one accused of a criminal offense – thereby affording him more process than he ever could have expected to receive at an administrative hearing. See Id. at 146. Moreover, Defendants have a substantial interest in ensuring that corrupt public officials are not permitted to receive taxpayer funds as a benefit of the position which was abused. See Id.; see also 43 P.S. §1313. Finally, given that Plaintiff admitted his own guilt, there was no likelihood of erroneous deprivation in this

matter. See Matthews, 424 U.S. at 335. Accordingly, after applying the Matthews factors to the facts as averred by Plaintiff, the criminal process afforded Plaintiff satisfied all the procedural due process owed to Plaintiff prior to his retirement benefits ending, and, therefore, Plaintiff's procedural due process claim must be dismissed.

### D. PLAINTIFF HAS FAILED TO SET FORTH AN EQUAL PROTECTION CLAIM.

Plaintiff dedicates four pages of argument to addressing Engquist and whether or not this action is foreclosed from being brought as a result of its holding. (Doc. 31 at pp. 17-21). However, the County Defendants do not raise that issue in their motion. (Doc. 29, pp. 11-15). The County Defendants' argument was based upon Plaintiff's inability to aver that there was no rational basis for their decisions where, as here, Plaintiff plead guilty to commission of a federal offense. (Id.) Plaintiff does not even address his inability to refute this rational basis. (Doc. 31 at pp. 17-21). As such, pursuant to Local Rule 7.6, Plaintiff must be deemed not to oppose this argument. Moreover, for the reasons set forth in Defendants' original brief, Plaintiff has failed to set forth a valid equal protection claim.

### E. DEFENDANTS HAVE NOT BREACHED A CONTRACT WITH PLAINTIFF.

As fully discussed above and in Defendants' original brief, pursuant to the

8

Act, Plaintiff's benefits were terminated by operation of law and, accordingly, no contract was breached in acknowledging that forfeiture. (Doc. 29 at pp. 15-17). Accordingly, Plaintiff's breach of contract claim must be dismissed.

### F. PROMISSORY ESTOPPEL DOES NOT APPLY DUE TO PLAINTIFF'S ADMITTED CRIMINAL CONDUCT.

Any promise made by Defendants with respect to Plaintiff's retirement benefits implicitly included the terms of the Act, just as the alleged contract between the parties was acknowledged to include. Due to Plaintiff's own admitted criminal conduct, he cannot receive these funds under the Act. See 43 P.S. § 1313. Accordingly, Plaintiff's estoppel claim must be dismissed for the same reason as his contract claim.

### G. PLAINTIFF'S "WILLFUL MISCONDUCT" AVERMENT FALLS WELL SHORT OF THE PLEADING STANDARD OF A FEDERAL COMPLAINT.

In defense of his negligence claim, Plaintiff avers that he alleged willful, wanton and reckless conduct so as to escape the Tort Claims Act. (Doc. 31 at pp. 22-23). However, the only averment of willful misconduct is contained in paragraph 75 of Plaintiff's complaint, which does nothing more than set forth a legal conclusion contrary to the pleading standards set forth in Iqbal and Twombly. (Id. at p. 18). It is well established that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [such as Plaintiff has presented here] do not suffice" in defending a motion to dismiss. Ashford v. Iqbal,

556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Accordingly, Plaintiff has failed to aver more than mere negligence, and his claim must be dismissed pursuant to the Tort Claims Act.

### H. MANDAMUS CANNOT APPLY BECAUSE THE ACT MANDATES FORFEITURE OF PLAINTIFF'S BENEFITS.

Here, for the reasons set forth above, Plaintiff's retirement benefits were severed immediately by operation of law upon the entering of his guilty plea. See 43 P.S. §1313. As such, mandamus would not act to reinstate Plaintiff's benefits, but instead to terminate them – the action already taken which Plaintiff complains of. Accordingly, Plaintiff's mandamus claim is without basis and Count VII [sic] of Plaintiff's complaint must be dismissed. In Gorton v. Commonwealth Civ. Serv. Comm'n, 35 Pa. Commw. 319, 385 A.2d 1026 (1970), a case offered by Plaintiff for the proposition that "mandamus has been recognized as a fitting remedy in public employment settings analogous to the circumstances here," see Doc. 31 at p. 32, the Court sustained the preliminary objections of respondent and dismissed the complaint in mandamus.

### I. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff avers that Defendants are not entitled to qualified immunity because it is well established that employees are entitled to due process prior to termination of benefits. (Doc. 31 at pp. 25-26). However, none of the cases cited by Plaintiff

10

relate in any manner to a nondiscretionary forfeiture pursuant to statute as is the case in this matter. (Id.) Even if this Court were to determine that the Defendants were in error in holding that Plaintiff's guilty plea mandated forfeiture of his retirement benefits, a conclusion Defendants vigorously refute, there is no clearly established case law indicating that §666 and §4701 are not substantially similar or mandating further hearing where the Act is involved prior to termination of benefits. As such, Defendants are entitled to qualified immunity from Plaintiff's claims.

### J. PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES.

The only averments in Plaintiff's complaint which could warrant punitive damages consist of nothing more than threadbare recitals of the punitive damages standard without any supporting facts. (Doc. 1, generally). Accordingly, pursuant to Iqbal and Twombly, Plaintiff's claim for punitive damages must be dismissed.

## II. CONCLUSION

For the foregoing reasons, this Court must grant Defendants County of Luzerne, Maryanne C. Petrilla, Thomas J. Cooney, Michael Morreale, Stephen A. Urban and Walter L. Griffith, Jr.'s motion to dismiss and as such, dismiss Plaintiff's complaint as against the County Defendants.

Respectfully submitted,

s/Joel M. Wolff
John G. Dean
Joel M. Wolff
David Z. Lantz
**ELLIOTT GREENLEAF & DEAN**
201 Penn Avenue, Suite 202
Scranton, PA 18503

Attorneys for Defendant
County of Luzerne

DATED: March 28, 2012

# CERTIFICATE OF SERVICE

I, JOEL M. WOLFF, hereby certify that I have caused to be served this day a true and correct copy of the County Defendants' brief in support of its motion to dismiss via electronic case filing and United States First Class Mail addressed as follows:

> Carl J. Poveromo, Esquire
> Rinaldi & Poveromo
> P.O. Box 826
> Scranton, PA 18501
>
> Donald G. Karpowich
> Donald G. Karpowich, Attorney-at-Law, P.C.
> 85 Drasher Road
> Drums, PA 18222
>
> Kevin Martin Walsh , Jr.
> Attorney-at-Law
> 85 Drasher Road
> Drums, PA 18222
>
> Sean W. Logsdon
> 85 Drasher Road
> Drums, PA 18222
>
> Robert S. Tintner
> Beth L. Weisser
> Fox Rothschild LLP
> 2000 Market Street
> 10th Floor
> Philadelphia, PA 19103

s/Joel M. Wolff
Joel M. Wolff

DATED: March 28, 2012